# Swindall, *et al. v.* Ford.

## *Ejectment.*

(Decided November 13, 1913.   63 South. 651.)

1. *Appeal and Error; Review; Necessity of Judgment.*—Where defendants in ejectment pleaded not guilty as to part of the land, and disclaimed as to the balance, and plaintiff took issue on the plea and disclaimer, and there was verdict for plaintiff on both issues, defendants cannot complain of rulings on the disclaimer, the record showing no judgment ·against them on the issue presented by the disclaimer.

2. *Same; Wrong Objection.*—Where the objections made to a deed were not tenable, the admission of the deed in evidence cannot be ·complained of, although there existed good grounds for objection.

3. *Adverse Possession; Color of Title; Evidence.*—Where. W. testified that he was one of the heirs and took possession under the deed, a deed to the heirs of I., sufficient to show color of title in such heirs became admissible to show color of title in W.

4. *Same; Void Acknowledgment.*—The fact that an acknowledgment to a deed is void does not prevent the deed being color of title.

5. *Same; Extent of Possession.*—Unless the remainder is in the actual possession of another at the time, a deed operative to give color of title to the lands described in it draws to the party to whom it is given possession of the whole tract, upon his taking possession of a part thereof.

6. *Same; Elements; . Possession.*—Ten years open, notorious, and actual possession is not sufficient to give title without such possession being continuous, exclusive and under claim of ownership.

[Swindall, et al. v. Ford.]

7. *Ejectment; Title; Burden of Proof.*—The burden is on plaintiff in ejectment to show that the land is within the description of his deed where he was never in actual possession, and not on defendant, who entered under color of title, to show that it was within the exception.

8. *Same; Outstanding Title.*—Where there was evidence that defendants entered on the land in good faith under color of title as purchasers from parties in possession, such defendants had a right to set up an outstanding title to defeat the action.

9. *Same; Evidence.*—Where plaintiffs had never been in the actual possession of the land, but of which S. was in possession when plaintiff received a deed including such land from F., it was a material ques-. tion whether S. entered by oral permission of F. or succeeded to the possession of M., or was in possession before F. bought of C., which possession of M. and S., if S. succeeded to M.'s possession, might have given title by adverse possession, and notwithstanding F. testified that S. entered by F.'s permission, defendant was entitled to introduce testimony that S. did not so enter, but succeeded to M.'s possession before F. purchased and that during the possession of M. and S., no one but them claimed to own the land, the credibility of all the witnesses being for the jury.

10. *Deeds; Void Exception.*—The fact that the exception in a deed is void for uncertainty can have no other effect than to make the conveyance operative as to the whole tract.

11. *Same; Recitals; Evidence.*—The recital in the body of the. deed that the grantors were the heirs of I., deceased, is no evidence against defendant that they were such heirs, they not being parties to or privies under it.

12. *Same; Acknowledgment; Recording; After Suit.*—A recordation of a deed after the bringing of the action in which it is offered is sufficient to make it self-proving under the provisions of section 3374, Code 1907.

13. *Same; Execution; Person Not Party.*—Where B., with others, signed and acknowledged a deed, but the body of the deed recited it to be the deed of the others and made no mention of B., therein, the deed is void as a conveyance of the interest of B.

14. *Same; Defective Execution.*—Where a deed is signed and acknowledged by a person, along with others, and the body of the deed makes no mention of such person and recites it to be the deed of the other signers, while void as a conveyance of such person's interest, is good and enforceable as a contract to convey.

15. *Same; Execution; Proof.*—Under section 4006, Code 1907, "execution" includes not only the signing by the maker but the required attestation, and proof of the signing alone is insufficient.

16. *Same.*—Where a deed is offered as a muniment of title and not limited to color of title, there is no error in excluding it in the absence of proof of its execution; it not having been recorded, and the certificate of acknowledgment as to one of the signers being substantially defective so as to render it not self-proving.

17. *Exceptions; Bills of; Construction; Admission.*—A recital in a bill of exceptions "that the deed was properly acknowledged before

[Swindall, et al. v. Ford.]

P., a notary public of C. county," will be construed as an admission that P. was in fact such a notary, and that the acknowledgment was in proper form and duly authenticated.

18. *Acknowledgment; Authority to Take.*—One interested in a conveyance is not competent to take and certify the acknowledgment of one of the grantors.

19. *Names; Identity; Presumption.*—Where the bill of exceptions purports to set out all the evidence and does not show that there were two persons of that name in the county, it will be presumed that B. M. F., the justice who took the acknowledgment of some of the signers of the deed was the B. M. F., who was one of the signers; identity of name being presumptive of identity of person, unless it appears that there are two persons in the same community or vicinity bearing the same name.

20. *Witnesses; Competency; Transactions With Decedent.*—Where there was no evidence before the court that S. was dead, it was not error to overrule defendant's objections to the testimony of F. as to his transactions with S., as being a transaction with a decedent, until defendant should have made proof of S.'s death.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Ejectment by G. W. White against O. R. Swindall and another, revived, on death of White and said Swindall, after appeal by defendants from a judgment for plaintiff, as to White in the name of Morris Ford as his administrator, and as to Swindall in the name of his heirs. Reversed and remanded.

The first part of the oral charge excepted to, is: "That where there is an exception in a deed, the burden is on the defendant, and not on plaintiff, to show that the lands are within the exception, and, unless defendant has reasonably satisfied the jury that the lands are within the exception, they will disregard the exception entirely." The second part of the oral charge, excepted to, is: "That if you find from this evidence reasonably that Ford put Self in possession under an agreement to clear and cultivate the land, then you will find the issue in favor of plaintiff. If you find there is no agreement to rent by Self, you will find the issue in favor of defendant, unless you further find that the

[Swindall, et al. v. Ford.]

Fords were in the open, notorious, and actual possession for ten years. before Self went into possession." The following charges were refused to defendant: (2) "The court charges the jury that, under the evidence in this case, J. P. McCartney was in possession of the land west of the road known as the pine swamp road before S. N. Ford and the heirs of I. N. Ford received their deed, and said deed, so far as J. P. McCartney and those claiming under him, was void." (3) Affirmative charge for defendants. (4) "The court charges the jury that, under the evidence in this case, the plaintiff cannot recover as to the lands in the N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$, section 10, township 13, range 5, under the deeds offered by the plaintiff." (5) "The court charges the jury that if the jury are reasonable satisfied from the evidence that, in 1879 or 1880, J. P. McCartney took possession of the lands lying west of the Gadsden and Pine swamp roads, and that he and those succeeding to this possession, i. e., C. H. Self, S. T. Swindall, and these defendants, have been in actual possession ever since, then plaintiff cannot recover."

CULLI & MARTIN, for appellant. Where plaintiff and defendant do not claim from a common source, it is necessary for plaintiff to show possession of the property prior to that of defendant or that he claims through one who held title or possession prior to the same.— Leech v. Karthaus, 141 Ala. 509; Florence B. & L. Assn. v. Shall, 107 Ala. 531; Payne v. Crawford, 102 Ala. 287; McCrary v. Jackson L. Co., 148 Ala. 247; s. c. 137 Ala. 278. The court erred in its oral charge.—Bradford v. Sweet, 56 South. 532. A conveyance of land adversely held is void as to the parties and his privies holding adversely, but valid as to all others.—Seabury v. Henley, 56 South. 530; Grant v. Nations, 55 South. 310. It

is elementary that a deed is not admissible in evidence which does not describe the lands sued for, not even as color of title.—*Moring v. Tipton,* 126 Ala. 350; *Ledbetter v. Borland,* 128 Ala. 418. The burden of proof is always on plaintiff in ejectment.—*Edmondson v. Anniston C. L. Co.,* 128 Ala. 589. A deed subscribed by the grantee as a witness is not competent.—*Croft v. Thornton,* 125 Ala. 391. Defendants in this case could show an outstanding title in another in order to defeat the action.—*McCrary v. Jackson L. Co., supra; Anniston C. L. Co. v. Edmondson,* 145 Ala. 557. Ford was incompetent to testify as to transactions or conversations with Self.—*Glover v. Gentry,* 112 Ala. 500; *Burgess v. A. M. L. Co.,* 115 Ala. 473; *Morrissette v. Carr,* 118 Ala. 585.

BOYKIN & BAILEY, for appellee. Counsel discuss errors assigned and review the authorities cited by appellant and insist that they were without application to the case at bar, but they cite no authority in support of their contention.

DOWDELL, C. J.—Statutory ejectment, brought by George W. White, appellee, against O. R. Swindall and wife, appellants, for the recovery of certain lands in Etowah county, Ala. From a verdict and judgment for the plaintiff, the present appeal is prosecuted. After the appeal was taken, and before its submission, the appellee White and O. R. Swindall, one of the appellants, died. Thereupon, in this court, the deaths of said parties were suggested, and the cause, as to appellee White, was revived in the name of Morris Ford, as his administrator, and, as to the appellant O. R. Swindall, was revived in the names of his heirs at law.

The defendants entered the plea of not guilty as to part of the lands sued for, and disclaimed as to the

balance.  The plaintiff saw proper not to ask for judg-
ment, as he might have done, on this disclaimer, for
the lands as to which the defendants disclaimed posses-
sion, but took issue with defendants both on the plea
and the disclaimer.  Some of the exceptions reserved on
the trial related to rulings on the issue presented by the
disclaimer, and, while there was verdict for plaintiff on
both issues, the record fails to disclose a judgment
against the defendants for the lands on the issue pre-
sented by the disclaimer, and hence defendants can-
not complain in this court of such adverse rulings on
that issue, and besides, under the views we entertain in
the cause, it is unnecessary to discuss the same.

The plaintiff asserted title to the lands under three
certain deeds of conveyance, executed by W. B. Ford
and others as heirs at law of one I. N. Ford.  There was
no attempt on the part of either side to trace their re-
spective titles back to the government.  On the part of
the plaintiff, there was evidence tending to show that
W. B. Ford, one of the plaintiff's grantors, was in pos-
session of the lands sued for, as far back as 1884, and
that this grantor had entered into possession under a
conveyance from J. R. Corley and wife, made to L. M.
Ford and to the heirs of I. N. Ford, and which deed was
executed on the 6th day of May, 1883.  W. B. Ford was
one of the heirs of I. N. Ford, deceased.  The testimony
of the plaintiff further tended to show that, while W.
B. Ford was in the possession of the land, he made an
arrangement with one C. H. Self, in the year 1897 or
1898, by which the latter was allowed to enter on the
lands, or a part of the same, and to clear up and use
it, and that Self's possession thereafter was permissive.
It does not appear that the plaintiff was ever in the
actual possession of any of the lands embraced in this
suit; on the contrary, it does not appear that this man

[Swindall, et al. v. Ford.]

Self was in the possession at the time the plaintiff purchased the lands from the Fords', and that this man Self continued to occupy the lands until he sold and conveyed the same to S. T. Swindall, the defendants' immediate grantor. There was no testimony offered by the plaintiff that either Corley or his wife was ever in the possession of the land which they conveyed to the Fords, other than such as might be implied from the testimony of W. B. Ford to the effect that he entered upon the land under the Corley deed.

On the part of the defendants, there was testimony tending to show that one J. P. McCartney was in the actual possession of these lands in 1879, under claim of ownership, and that McCartney acquired his possession and ownership from the Aubrey heirs in 1879, and that he continued in possession until he sold and conveyed the same to C. H. Self in 1889. The defendants' testimony tended to show that McCartney, Self, S. T. Swindall, and O. R. Swindall had been in the continuous possession of the lands, under claim of ownership, from 1879 down to the time of the institution of the present suit.

In the conveyance from C. H. Self and wife to S. T. Swindall, and from S. T. Swindall and wife to O. R. Swindall, the lands covered by the defendants' plea are described as fractional part of S. E. ¼ of S. W. ¼ of section 10, township 13, range 5, lying on the west side of the Gadsden and Guntersville road, in Etowah county; while in the conveyances made to plaintiff the lands are described as E. ½ of S. W. ¼ of section 10, township 13, range 5, except five acres on west side of the Gadsden and Pine Swamp road, in same county.

Under the evidence, it would appear that the Gadsden and Guntersville road and the Gadsden and Pine Swamp road are one and the same. The testimony on

the part of the defendants further tended to show that Self never held the lands by permission of W. B. Ford, but held the same in his own right.

Against the objection and exception of defendants, the court permitted plaintiff to read in evidence a deed from J. R. Corley and wife to L. M. Ford and the heirs of I. N. Ford. There was no merit in the objection interposed to the introduction of this deed. It was admissible to show color of title, taken and considered in connection with the testimony of W. B. Ford, that he was one of the heirs of I. N. Ford, and that under this deed he entered upon and took possession of a part of the lands sued for, in the year 1884. The fact, if it were a fact, that this deed was acknowledged before one of the grantees, as a justice of the peace, did not render the instrument inadmissible, when offered for the limited purpose of showing color of title; for, assuming that this deed was neither acknowledged nor attested, this defect or omission would not affect its quality as evidence of color of title, for it would still be operative to give color of title to the lands described in it, and draw to the party to whom it was given possession of the whole tract, upon his taking possession of a part, unless the remainder of the tract was, at the time, in the actual, adverse possession of another.—*Dorlan v. Westervitch,* 140 Ala. 283, 37 South. 382, 103 Am. St. Rep. 35; *Reddick v. Long,* 124 Ala. 261, 27 South. 402; *National Bank of Augusta v. Baker Hill Iron Co.,* 108 Ala. 635, 19 South. 47. Nor was there any merit in the objection that this deed did not include the lands sued for. It conveyed all of the S. E. ¼ of the S. W. ¼ of the section, except about five acres off the west side of the Gadsden and Pine Swamp road. It may be that the exception is void for uncertainty, for there was evidence that there were between eight and ten acres west

of this road, but, if the exception was void, this would only affect the exception, and in that event the conveyance would be of the entire tract.—*Bromberg v. Smee,* 130 Ala. 601, 30 South. 483; *Morris v. Giddens,* 101 Ala. 571, 14 South. 406.

Against the objection and exception of defendants, the court permitted plaintiff to read in evidence a deed from D. L. Loyd and others, calling themselves, in the body of the deed, "as heirs of the estate of I. N. Ford," to George W. White, the plaintiff. This deed was executed on the 1st day of February, 1900. Apart from the recitals of the deed, there was no evidence to show that any of the grantors were in fact the heirs of I. N. Ford, nor was there any evidence tending to show that any of these grantors were ever in possession of the lands. The recitals of this deed, to the effect that the grantors were the heirs at law of I. N. Ford, deceased, were not evidence as against the defendants, who were not parties to, or privies under it. On proper objection, doubtless the court would have excluded this deed. The defendants objected to the introduction of this deed on other grounds, however, and which were without merit. The defendants can therefore take nothing by this assignment.

There was also an objection and exception by the defendants to the action of the court in permitting plaintiff to read in evidence a deed from F. M. Coston and Sallie Coston, executed to the plaintiff, G. W. White, and dated May 14, 1900. There was testimony before the jury that Sallie Coston, or S. L. Coston, one of the grantors in the deed, was an heir at law of I. N. Ford. The objections assigned were that its execution had not been proved, and that it failed to describe the lands in suit. The bill of exceptions, while silent as to whether the notary of Craigshead county, Ark., before whom

the acknowledgment was made, had affixed his official seal to his certificate, yet it stated in terms that the instrument was "properly acknowledged before Walter L. Parsons, a notary public of Craigshead county, Ark." Construing the bill most strongly against the exceptor, as we must do, this must be construed as an admission that the said Walter L. Parsons was, in fact, such notary, and that the acknowledgment was in proper form and duly authenticated. And while this deed was not filed for record until February 18, 1909, some time after the bringing of this suit, yet, under the present statute (section 3374 of the Code), this recordation was sufficient, coupled with the acknowledgment, to make the deed self-proving. The court therefore committed no error in permitting the plaintiff to read this deed in evidence.

The plaintiff was also permitted to introduce in evidence a deed executed by W. B. Ford and others to him, executed on the 8th day of January, 1900. However, the court admitted this deed only as to the interest of W. B. Ford. This deed was acknowledged by W. B. Ford before one B. M. Ford, as a justice of the peace. Signed to the deed, along with the other names, are the names of B. M. Ford and wife. While the name of B. M. Ford is signed to the deed, and he acknowledged its execution before a justice of the peace, yet in the body of the deed it is recited to be the deed of W. B. Ford, J. B. Ford, S. E. Ford, and J. C. Ford and wife, and no mention is made therein of B. M. Ford and wife. Under the uniform rulings of this court, this deed was void as a conveyance of the interest of B. M. Ford in the lands. As a conveyance of the legal title of B. M. Ford it was void; but, as a contract to convey, was it not good and enforceable? We think it was.—*Rushton v. Davis*, 127 Ala. 279, 28 South. 476. B. M. Ford being

interested in the conveyance, he could not take and certify the acknowledgment of W. B. Ford, for the act of taking and certifying acknowledgments is judicial in nature, and public policy forbids that the act be done by an officer interested in the conveyance.—*Byrd v. Bailey*, 169 Ala. 452, 53 South. 773, Ann. Cas. 1912B, 331.

It may be insisted that, inasmuch as there is no proof in the record that B. M. Ford, the justice, was the same B. M. Ford whose name is signed to the deed, it will be presumed that there were two parties in that community bearing that name; or, to state the proposition differently, that this court will, in order to support the ruling of the lower court, rather presume that the B. M. Ford who signed the deed is a different B. M. Ford from the one who acted as justice of the peace in the case. The answer is that identity of name is presumptive of identity of person, unless it appear that there are two or more persons in the same community or vicinity bearing the same name. The bill of exceptions purports to set out all the evidence, and it nowhere appears that there were two persons in that county by the name of B. M. Ford. Hence it will be presumed that B. M. Ford, the justice, and B. M. Ford whose name is signed to the deed, are one and the same person.— *Woods v. State*, 133 Ala. 162, 31 South. 984; *Garrett v. State*, 76 Ala. 18. The plaintiff evidently realized that the acknowledgment was defective, for he sought to cure the defect by proving by W. B. Ford that he "signed" the conveyance. The attempted proof was insufficient to authorize the introduction of the deed against the objection of defendants. Section 4006 of the Code provides: "The execution of any instrument of writing attested by witnesses may be proved by the testimony of the maker thereof, without producing or accounting for

the absence of the attesting witnesses." Proof of the execution of an instrument which the law requires shall be either attested or acknowledged means not only that proof must be made that the maker actually signed the paper, but that the paper was actually attested, as it purports to be. Proof of this attestation is therefore necessarily an essential part of the proof of execution of the instrument.—*Hayes v. Banks' Adm'r,* 132 Ala. 354, 31 South. 464; *Ballow v. Collins,* 139 Ala. 543, 36 South. 712. There was no proof of the attestation. It therefore follows that the trial court erred in permitting the plaintiff, over the objection of the defendants, to read the deed in evidence.

The court, on objection of the plaintiff, declined to permit defendants to introduce a deed from J. P. McCartney and wife, executed February 28, 1898, conveying the lands in question, or a part thereof, to one C. H. Self. So far as the record shows, this deed was offered as a muniment of title, and was not limited to color of title. The deed had not been recorded, and the certificate of acknowledgment of one of the grantors was substantially defective, and the deed was not therefore self-proving. In declining to permit the introduction of this deed, without proof of its execution, the court committed no error.

The deed of J. D. Aubrey and others to J. P. McCartney, under date of January 1, 1880, offered by the defendants, was not self-proving, and, offered as a muniment of title, was inadmissible without proof of its execution, and no such proof was made. There was no error committed by the court in excluding this deed.

This, then, disposes of all questions presented by the record for our review, growing out of rulings of the court in admitting and excluding documentary evidence offered by both sides.

In the view we take of the case, it will not be neces-sary to discuss in detail all the questions raised on this appeal, relating to the admission and exclusion of the oral testimony. The trial court evidently proceeded upon the theory that, inasmuch as the witness W. B. Ford, who was one of plaintiff's grantors testifying on behalf of the plaintiff, had testified that C. H. Self had entered into the possession of the land, or a part of it, by permission of this witness, the testimony of this wit-ness was conclusive on that question. In this, the court fell into error, for two very sufficient reasons: First, because there was evidence in the cause tending to show that, at the time the witness Ford claimed to have pur-chased the lands of Corley and wife, C. H. Self was then in possession, claiming to own the same; and, second, there being no written agreement between Self and Ford as to the alleged entry by Self under and by per-mission of Ford, proof of the alleged agreement rested in parol, and, although W. B. Ford testified that he had such an arrangement with Self, yet the credibility of Ford's testimony, even if it were clear and undisputed, was for the jury to pass upon, under proper instruc-tions, and not for the court to assume. The court can-not determine, and thereby take away from the jury, the right to pass upon the credibility of oral testimony, even though it is without conflict.—*Scott v. State,* 110 Ala. 48, 20 South. 468; *Davidson v. State,* 63 Ala. 432.

While the court permitted the plaintiff in this cause to offer evidence to show that no one claimed to own the lands in dispute except the Fords', up to the time of their conveyance to the plaintiff, yet it refused to permit the defendants to show that, during the time Mc-Cartney and Self claimed to own the land, no one ex-cept McCartney and Self asserted title to the land. The court also declined to allow the defendants to show

that McCartney was in possession of the land before the Fords claimed to have entered upon the same. In these rulings, the court committed error. There was evidence before the jury tending to show that McCartney and Self, Self claiming to have succeeded to the possession of McCartney, had been in possession of the land for upward of 20 years. If the jury had reached the conclusion that Self entered under McCartney, and not under the arrangement with Ford, as testified to by Ford, as it was open for them to do, then the defendants' evidence tending to show that no one had ever asserted title to, and ownership in, the lands, except McCartney and Self, up to the time of the conveyance by Self to Swindall, was material and competent, and the jury should have been allowed to consider this evidence, under proper instructions from the court, notwithstanding the fact that W. B. Ford had testified that Self entered and held by his permission, for the jury were not bound to believe the testimony of Ford. Under proper instructions from the court, as to the effect of the alleged permissive holding by Self, the court should have allowed the same latitude to the defendants in making proof of their possession, and the possession and claim of ownership by those from and through whom they claimed title, that it accorded to the plaintiff. It would appear, however, that, in passing upon the admissibility of the oral testimony in the cause, the court rather assumed that, because W. B. Ford had testified that Self entered by his permission, this precluded the defendants from showing that the Fords never claimed to own any land west of the Gadsden and Pine Swamp road.

It is strenuously argued by counsel for appellants that the court committed reversible error in permitting the witness W. B. Ford to testify that C. H. Self enter-

ed into the possession of the land in question under an arrangement had with the witness, by which Self was allowed to clear up and use the lands. The insistence is that the witness was incompetent to testify as to any transaction he may have had with Self, inasmuch as Self was then dead, and under his deed to S. T. Swindall his estate was interested in the result of this suit. While it is true that Self's deed to S. T. Swindall was one of the links in the chain of defendant's title, and conceding, without deciding, that W. B. Ford, by reason of his deed to the plaintiff, was also interested in the suit, and that Self's estate, if he were dead, was also interested in the result of this litigation, yet the court cannot be put in error for having permitted the plaintiff to make proof of the alleged arrangements by W. B. Ford. At the time the objection was interposed, and the ruling made thereon, there was absolutely no proof before the court of Self's death. The defendants should have then made proof of the death of Self. Besides, on further examination of the witness, the same testimony was given, and without objection from the defendants.

There was evidence before the jury tending to show, and if believed did show, that defendants entered upon the lands in dispute in good faith, and under color of title, as purchasers, from parties in possession. Under this state of the proof, they had the right to set up an outstanding title to defeat this action, if they could, and the court committed error in excluding from the jury that part of the showing made for the absent witness, A. Baber, which tended to show an outstanding title. Of course, however, this testimony should have been admitted, upon proper instruction to the jury as to the effect of the alleged agreement had by Self with Ford, and by which the former entered upon the lands,

if they found that such an agreement had been made. —*McCreary v. Jackson Lumber Co.,* 148 Ala. 247, 41 South. 822; *Anniston Land Co. v. Edmondson,* 145 Ala. 557, 40 South. 505.

The first part of the court's oral charge to the jury, which was excepted to by the defendants, as applied to the facts in this case, was not a correct statement of the law. The burden was on the plaintiff to show that the lands sued for were in fact within the description contained in his deed, and not upon the defendants to show that they were within the exception.

The second part of the court's oral charge to the jury, which was excepted to by the defendants, did not set forth all the essential requisites of a holding by adverse possession. In effect, the court charged the jury that ten years' open, notorious, and actual possession of the land by the Fords would entitle the plaintiff to a verdict, without reference to whether such possession was continuous, exclusive, and under claim of ownership.

The defendants were not entitled to have the jury instructed in the language of any of their refused charges.

For the errors pointed out, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., concur.