BEN H. POWELL,<br>Presiding Judge.

---

JUAN MONDRAGON ET AL. V. MARTINE MONDRAGON.

No. 3797.    Decided December 20, 1923.

(257 S. W., 215.)

**1.—Conveyance—Contract for Sale.**

Whether the instrument here considered is to be held a conveyance of land or a contract for its sale is discussed.  (P. 407).

**2.—Statute of Frauds—Signature—Agency.**

Requirements as to the authority of an agent to execute a contract for the sale of land are not applicable to a signature affixed to the instrument by another in the presence and at the request of the maker.  Such signature is as binding on the maker as though personally made by him. The one so signing does not act as an agent, but as a mere amanuensis. It is immaterial that the signature was so made by the grantee, who could not act as agent for the grantor.  (Pp. 407, 408).

**3.—Contract—Signature—Adoption.**

A signature to a written contract, though affixed by another, in the absence of the maker and without his request, and however made, as by stamp or printing, may become that of the maker by his adoption of it, as by his delivery of it as his deed, where no acknowledgment is necessary to its validity.  (Pp. 408-410).

**4.—Same.**

Facts. here considered are held to establish conclusively the adoption of a written contract by one whose name was signed to the instrument, not by himself, but by the grantee therein.  (P. 409).

**5.—Contract to Sell Land.**

A valid written contract to convey land, with payment of the purchase price, conferred on the purchaser in possession an equitable title defeating action by the vendor to recover it from him.  (P. 410).

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Nueces County.

The action was by Martine Mondragon against Juan Mondragon and others.  Plaintiff, being denied a recovery, appealed and secured a

reversal and remand. Appellee thereupon obtained writ of error from the Supreme Court.

*Russell Savage,* for plaintiff in error.

We submit, as a matter of law, that under the authorities the Court of Civil Appeals erred in holding that the instrument in question was not effective either as a deed of conveyance or as a contract to convey, because it was wholly written by grantee, and the grantor's name and the names of the subscribing witnesses were all manually signed by grantee, in the absence of any evidence however remote of any fraud or forgery. Devlin on Deeds, Third Edition, Chap. IX, sections 231 to 241, pages 329 to 345—and cases cited; 18 Corpus Juris, Deeds, page 190, section 82 and cases cited; Lewis v. Watson, 39 Am. St. Rep., 82; Jansen v. McCahill, 83 Am. Dec., 84; Reinhart v. Miller, 68 Am. Dec., 506; Handyside v. Cameron, 74 Am. Dec. 119; Croy v. Busenbark, 72 Indiana, 48; Davis v. Cleghorn, 25 Ill., 212; O'Donnell v. Kelleher, 62 Ill. App., 641; Nye v. Lowry, 82 Ind., 316; Lee v. Parker, 88 S. E., 217; Lovejoy v. Richardson, 68 Me., 386; Gardner v. Gardner, 52 Am. Dec., 740; Brown v. Wilcox, 102 S. E., 818; Porter v. Boyd Paving Co., 112 S. W., 235; White Eagle Laundry Co. v. Slawek, 129 N. E., 753; Crumrine v. Crumrine, 43 N. E., 322; Willis v. Lewis, 28 Texas, 185; Bird v. Decker, 64 Me., 551; Bartlet v. Drake, 97 Am. Dec., 92; McAllen v. Raphael, 96 S. W., 760; McIntyre v. Park, 71 Am. Dec., 690; Mutual Benefit L. Ins. Co. v. Brown, 30 N. J. Eq., 193, 32 N. J. Eq., 809; Devlin on Deeds, Third edition, Chap. IX, p. 339, section 237a., and authorities cited; Clough v. Clough, 40 Am. Rep., 386; Davis v. Bowman, 46 S. W., 1039; Haven v. Hobbs, 18 Am. Dec., 678; Crow v. Carter, 31 N. E., 937; Middlebrooks v. Barefoot, 25 So., 102; Purser v. Smith, 76 So., 931; Ward v. Cameron, 76 S. W., 240.

*E. P. Scott* and *J. M. Taylor,* for defendant in error.

Under the Statutes of the State of Texas, the instrument relied on by the defendants to defeat the title of plaintiff to his undivided interest in the land in controversy, is neither a deed nor a contract to make a deed, inasmuch as: First—It was never signed by plaintiff. Second—It was never acknowledged by plaintiff before two witnesses nor before some officer authorized to take acknowledgments. Third—It does not describe any land. Vernon's Sayles' Statutes, art. 1103-1109; Lindley v. Lindley, 178 S. W., 782; Norris v. Hunt, 51 Texas, 614, 615; Devlin on Deeds, 3rd Ed., Vol. 1, Sec. 258.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This suit was brought by Martine, or Martiniano, Mondragon, against his brothers Juan, Anacleto, and Tomas Mondragon, for the purpose of having Lot 6, Block 59, of the Bluff Portion of the City of Corpus Christi sold, and the proceeds thereof distributed among the parties, and for an accounting for rents.

The four brothers had title to the lot under the will of their deceased mother, Pascula, it being the only real property devised to them by her, and held it as tenants in common until the interests of Tomas and Martiniano were purchased by the other two brothers in 1916. It is only necessary for us to discuss the conveyance of Martiniano, the plaintiff below.

In addition to the foregoing, the trial court found in part as follows:

"I find as a fact that on the 24th day of February, A. D. 1916, plaintiff, Martiniano Mondragon, by an instrument of writing for the consideration of $160.00 to him then paid by Juan Mondragon conveyed his interest in and to said property to defendant Juan Mondragon. That said instrument and its translations are as follows: (Here follows the instrument in Spanish; but since it is also translated in the court's findings, we give only the translation).

" 'Received from Juan Mondragon the sum of Hundred Sixty Dollars $160.00 Dollars, in payment of my part that I have in the Lot No. 6, Block 59, inheritance which my mother Pascuala Mondragon, left us, I not having any further right in said inheritance I sign the sale today 24 day of February of 1916, in Corpus Christi, Texas, Nueces County.          I, Martiniano Mondragon.

Witness: Anacleto Mondragon Jr., Porfirio Mondragon, Josefa Mondragon.'

"That said transaction occurred at the place of residence of the plaintiff, Martiniano Mondragon, in the presence of plaintiff, defendant Juan Mondragon, defendant Anacleto Mondragon, Josefa Mondragon, a sister of plaintiff and defendants, and Porfirio Mondragon, the son of Juan Mondragon and nephew of the others. That this instrument was written by defendant, Juan Mondragon. That plaintiff then asked Juan Mondragon to sign plaintiff's name thereto, which he did. That Josefa Mondragon, Anacleto Mondragon, and Porfirio Mondragon thereupon requested Juan Mondragon to sign their names thereto as subscribing witness and that Juan did so sign their names. That thereupon said instrument was delivered to defendant Juan Mondragon, and the sum of $160.00 in cash was then and there paid by Juan Mondragon to plaintiff Martiniano Mondragon, as consideration therefor.

"I find as a fact that after said 24th day of February, A. D., 1916, the defendant Juan Mondragon and the defendant Anacleto Mondragon managed said property, collecting the rentals therefrom and paying the taxes thereon, dividing the remainder between the two. That the plaintiff Martiniano Mondragon after said date received none

of the revenues from said property, and made no claim thereto until the date of the filing of this suit on July 6, 1921. I find as a fact that defendant Juan Mondragon had notice of the fact that plaintiff Martiniano Mondragon intended to attempt to repudiate the conveyance above set forth until the date of the filing of this suit on the 6th day of July, A. D. 1921.

"I find as a fact that after the said 24th day of February, A. D. 1916, defendants, Juan and Anacleto Mondragon made valuable improvements upon said property of the reasonable market value of $600.00, and that the plaintiff knew of these improvements and made no objection thereto."

The trial court concluded as a matter of law that the instrument above quoted was sufficient to convey all right, title, and interest of Martiniano Mondragon to the property in controversy to Juan Mondragon. He thereupon entered judgment denying recovery to Martiniano Mondragon, who brought the suit.

Upon appeal to the Court of Civil Appeals, the case, as to the action of Martiniano, was reversed and remanded. 239 S. W., 650. This court granted a writ of error.

We are inclined to the view that the instrument, being clearly a relinquishment by an heir of his interest in an estate, could be regarded as a conveyance. Williams v. Emberson, 22 Texas Civ. App., 522, 55 S. W., 595; Smith v. Cantrel, 50 S. W., 1081; Devlin on Deeds (3d ed.), Vol. 1, § 16.

Whatever doubt there might be as to the correctness of such a conclusion, it is quite evident under the authorities that this receipt is sufficient as a contract for the sale of the land. The Court of Civil Appeals properly reached this conclusion. Fulton v. Robinson, 55 Texas, 401; Morrison v. Daly, 6 S. W., 426. Since, however, the same result will be reached, we will treat the contract as one for the sale of land, rather than a conveyance.

The primary and fundamental question is whether or not the contract was executed in such manner as to be enforceable under the Statute of Frauds.

Revised Statutes, Art. 3965, requires contracts for the sale of real estate to be in writing, "and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized."

The objection is that the name of Martiniano, as well as the entire instrument, was written by Juan, the grantee. It is urged that Juan could not be both the grantee and an agent for the grantor in the execution of the instrument. This is, of course, entirely sound. 1 Mechem on Agency, and other authorities cited by the Court of Civil Appeals in its opinion. However, in those jurisdictions which hold that under the Statute of Frauds an agent in order to sign a conveyance of real estate for his principal must be authorized

by an instrument under seal or in writing, it is held that this requirement has no application  where the grantor is present and authorizes another, either expressly or impliedly, to sign his name to a deed.   In such a case it becomes the deed of the grantor, and is as binding upon him, to all intents and purposes, as if he had personally affixed his signature.   Devlin on Deeds, Vol. 1, (3d ed.), §§ 232, 233, and cases cited in the notes; Story on Agency, (9th ed.), § 51; 27 Corpus Juris, § 356, and cases cited in the notes; Gardner v. Gardner, 5 Cush. (Mass.), 483, 52 Am. Dec., 740; Jansen v. McCahill, 22 Calif., 563, 83 Am. Dec., 84; Conlam v. Grace, 36 Minn., 276, 30 N. W. 880; Rockford, R. I. & St. L. Ry. Co. v. Shunick, 65 Ill., 223, 229; Middlebrook v. Barefoot, 121 Ala., 642, 25 So., 102; Croy v. Busenbark, 72 Ind., 48; Lord v. Lord, 58 N. H., 7, 42 Am. Rep., 565; Fitzpatrick v. Eugard, 175 Pa. St., 393, 34 Atl., 803; Mutual Benefit Life Ins. Co. v. Brown, 30 N. J. Eq., 193; Morton v. Murray, 176 Ill., 54, 43 L. R. A., 529, 532; Lewis v. Watson, 98 Ala., 479, 22 L. R. A., 297, 39 Am. St., 82, 13 So., 570.

It is plain that in announcing the rule just stated the authorities have not regarded one who writes the signature of the contracting party as an agent in its legal sense.   They appear to proceed upon the principle, as stated in 27 Corpus Juris, supra, that "the act is deemed to be his as much as if he had done it in person, and the person actually writing the name is regarded not as an agent but as a mere instrument or amanuensis."   However, we are not basing this opinion upon the fact alone that the instrument was written and signed for the grantor in his presence and under his direction. In reaching our conclusion we have taken into consideration all the facts, and believe the contract valid by adoption.

The rule that a deed, including the signature of the grantor, written by another, either in the presence or in the absence of the grantor, with or without his request, may become effective by adoption, prevails in this State.   Newton v. Emerson, 66 Texas, 142, 145, 18 S. W., 348; Willis v. Lewis, 28 Texas, 185, 191; McAllen v. Raphael, 96 S. W., 760, 763.

A signature made by a rubber-stamp, typewriter, or printing, or by another without authority and in the absence of the grantor, or even when forged, may be adopted, and the instrument to which it is signed become binding.   Willston on Contracts, Vol. 1, § 585, p. 1131, and notes; Vol. 2, § 1145, p. 2123, and notes; Page on Contracts, Vol. 2, § 575; Daniel on Negotiable Inst., (6th ed.), Vol. 2, §§ 1351 to 1353; McAllen v. Raphael, supra; Capps v. Hensley, 23 Okl., 311, 100 Pac., 515; Devlin on Deeds, (3d ed.), Vol. 1, § 235: Bartlett v. Drake, 100 Mass., 174, 97 Am. Dec., 92, 1 Am. Rep., 101; Greenfield Bank v. Crafts, 4 Allen (Mass., 447; O'Donnell v. Killiher, 62 Ill. App., 641.

In the instant case the contract was not acknowledged, but it was prepared in the presence and under the direction of the grantor, was delivered by him, and the consideration paid him therefor. This, we think, conclusively evidences adoption by Martiniano. Davis v. Howell Cotton Co., 101 Ga., 173, 28 S. E., 612.

Since a signature made by a rubber-stamp, typewriter, or printing, or one made during the absence of the grantor and without his authority, or which may have been forged, becomes valid and binding when adopted, it is manifest, we think, that Martiniano Mondragon had power to adopt the instrument here involved.

In the case of Clough v. Clough, 73 Me., 487, 40 Am. Rep., 386, the Supreme Court of Maine had before it a case somewhat similar to the one before us. We quote from that case at length:

"The only question is whether a deed can be made valid by subsequent acknowledgment and delivery, when the name of the grantor has been signed to it by the grantee. We think it can.

"If one acknowledges and delivers a deed which has his name and a seal affixed to it, the deed is valid. No matter by whom the name and seal were affixed. No matter whether with or without the grantor's consent. The acknowledgment and delivery are acts of recognition and adoption, so distinct and emphatic that they will preclude the grantor from afterward denying that the signing and sealing were also his acts. They are his by adoption. Without delivery the instrument has no validity. By force of our statutes the instrument is incomplete without acknowledgment. Till one or both of these acts are performed the instrument has no more validity than a blank deed. By taking the instrument in this incomplete condition and completing it, the grantor makes it his deed in all its particulars. He adopts the signature and the seal the same as he does the habendum and the covenants, which were inserted by the printer of the blank. The deed is not sustained on the ground of ratification, but adoption. Ratification applies to agency. No question of agency arises in this class of cases. The validity of the deed cannot rest upon the ground of agency or the ratification would have to be by instrument under seal; for authority or ratification must be of as high a character as the act to be performed or ratified. If the act is the execution of a sealed instrument, it must be authorized or ratified by a sealed instrument. We therefore repeat that the validity of the instrument in this class of cases does not rest on agency or ratification, but on adoption. No matter by whom the signing and sealing were performed, nor whether with or without the grantor's consent. By completing the instrument, he adopts what had previously been done to it, and makes it his in all its particulars."

It is to be noted that under the laws of Maine a deed was incomplete without acknowledgment. Therefore, in that State a deed, in order to be adopted, must be both acknowledged and delivered. In

this State an acknowledgment is unnecessary, except for purposes of registration. Hence acknowledgment, while evidence of adoption, is not necessary, if other facts exist showing adoption.

In the case of Blaisdell v. Leach, 101 Calif., 405, 40 Am. St. Rep., 65, the Supreme Court of California, on the principle of adoption, held a deed effective in a case in which the name of the grantor, a married woman, had been affixed to a deed to her husband by the husband himself, acknowledged by her.

Since we have concluded that the instrument in question in this case was adopted by the grantor, and is at least a valid contract to convey land, with the consideration paid, Juan Mondragon had an equitable title to the lot sued for, against which the legal title, if any, held by Martiniano could not prevail. Vardeman v. Lawson, 17 Texas, 11; Elliott v. Mitchell, 47 Texas, 445, 450; Newsom v. Davis, 20 Texas, 419.

The judgment of the Court of Civil Appeals in so far as it affirmed the judgment of the trial court is affirmed, but in so far as it reversed that judgment, its judgment is reversed, and that of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*