YOUNG et ux. v. MAGEE.

No. 6225.

Court of Civil Appeals of Texas. Texarkana.
July 11, 1946.

Rehearing Denied July 25, 1946.

Judgment Affirmed Dec. 4, 1946.

Jones & Jones, of Mineola, for appellants.

Harrington & Harrington, of Longview, for appellee.

HARVEY, Justice.

P. F. Magee filed a suit in Wood County, Texas, in trespass to try title for 160 acres of land against F. R. Young and wife. The case was tried before the court, and from a judgment in favor of the plaintiff for the title and possession of the land in controversy the defendants have prosecuted this appeal.

All of the points presented herein by appellants, as well as those of the appellee, relate to the construction and legal effect of two certain deeds, or instruments, purporting to convey title to the land in dispute. The validity of these two instruments is determinative of all questions before this court for review.

The common source of title is Chas. O. Hester, who conveyed a one-half interest in the 160-acre tract in 1914 to J. H. Carter. The other one-half interest was conveyed to Ruth L. Thornburg by Hester in 1905. Appellants (defendants below) claim title under a deed from Ruth L. Thornburg to J. H. Carter, dated in 1914, which contains a defective married woman's acknowledgment. Carter, after his purchase from Ruth L. Thornburg, conveyed the land to Elnora Hoff, in 1916, who in turn deeded the land to E. Rowland and wife in 1921, in which deed there is also a defective married woman's acknowledgment. The Rowlands, who are the deceased parents of Mrs. F. R. Young, who, with her husband, are the appellants, deeded the land to W. Dean and wife in 1927, and in 1943 the land was deeded to Mrs. Anna (F. R.) Young by W. Dean. P. F. Magee deraigns title under a deed from Mrs. Elnora Hoff, dated March 20, 1944, and under deeds from the heirs of Ruth L. Thornburg, dated in 1944.

In passing upon the validity of the deed from Ruth L. Thornburg to J. H. Carter, in which the married woman's acknowledgment is defective, it is requisite that certain facts be noted. The granting clause in such deed reads as follows:

"Know all men by these presents:

"That Chas. O. Hester, single, of Dallas County and State of Iowa in consideration of the sum of six hundred and fifty dollars in hand paid by Ruth L. Thornburg of Dallas County and State of Iowa do hereby sell and convey unto Ruth L. Thornburg, undivided one-half, the following described premises situated in the County of Wood, State of Texas, towit:" (Description of the land follows).

Ruth L. Thornburg at the time this deed was made was married and living with her husband in Iowa. Such also was the case when she and her husband, H. G. Thornburg, deeded the land to J. H. Carter on January 17, 1914. The acknowledgment to the latter deed is wholly insufficient to comply with the requirements under the statutes of Texas in regard to a married woman's conveyance of real estate. No contention is made either in the pleadings or in the evidence that the tract in question was impressed with the homestead character. If it is considered that the land conveyed to Ruth L. Thornburg by J. H. Carter was her separate estate, then, it was essential that she be joined in a conveyance thereof by her husband and that her acknowledgment conform to our statutory form. If the land so deeded to her constituted community estate and was not a homestead, then her husband, acting alone could make a valid conveyance without her joining in the deed. This rule is so firmly established that citation of precedents is considered unnecessary. It is our opinion that under the terms of the deed to Ruth L. Thornburg the land conveyed became the community property of her and her husband. While the deed recites that the consideration was paid by Ruth L. Thornburg, there is nothing therein to indicate that it was paid out of her separate funds. Appellee urges, however, that by implication the trial judge found that the land was the separate estate of Ruth L. Thornburg. Inasmuch as there is no other evidence than the deed upon which to base such a finding, such a position is untenable and as a matter of law, by reason of the terms of the deed, the property conveyed became the community estate of Ruth L. Thornburg and her husband. On this point we quote the following language from a recent opinion of our Supreme Court, in the case of Brick & Tile, Inc. v. Parker et al., 143 Tex. 383, 186 S.W.2d 66, 67:

"Since the property was acquired during the marriage of F. K. Parker and wife, it was presumably their community property, and this presumption prevails even though the deed was taken in the name of the wife, in the absence of language in the deed tending to show that it was purchased with the separate funds of the wife, or that it was conveyed to her as her separate property. (Citing cases here).

"The deed in this instance recites that the consideration was paid by F. K. Parker. But if the language used should be construed as a statement that the consideration was paid by Mrs. F. K. Parker, the result would be the same, for this would not amount to a recitation that consideration was paid by Mrs. Parker out of her separate funds."

Thus, it was held, that the lien given by F. K. Parker, the husband, was valid, even though the acknowledgment as to the wife was defective, the husband having the right to convey the land without joinder of the wife.

The same reasoning is applicable to the deed from Elnora Hoff to E. Rowland et al. in 1921. At the time that J. H. Carter deeded the land to Elnora Hoff in 1916 she was a married woman; there is nothing in the deed to indicate that the consideration was paid out of her separate funds, and therefore the land became the community estate of herself and husband. Inasmuch as the land was not their homestead, the husband had the right to convey it without the wife's signature or acknowledgment. In this latter deed, however, Elnora Hoff to E. Rowland et al., the

name of the husband, John W. Hoff, does not appear in the granting clause as one of the grantors, although the deed was signed and acknowledged properly by him. Appellee takes the position that this fact alone is sufficient to render void the deed in question. We are aware of the holding in the case of Stone v. Sledge, 87 Tex. 49, 26 S.W. 1068, 47 Am.St.Rep. 65, decided in 1894, as to the effect that one whose name does not appear in a deed as a grantor is not bound by the deed, although he signed and acknowledged it. The court in that case recognized that there was quite a bit of conflict in the decisions of other jurisdictions on the question, but followed what was considered the weight of authority. Our Supreme Court having decided the matter thus, we accept it as a settled principle, and by reason of such holding that when the name of one who signs a deed does not appear in the granting clause, nor is it otherwise shown in the deed that he was intended to be bound by it, the deed is void as to him and fails as a conveyance, lacking, as it does, one of the essentials of a deed. The soundness of the basis for the holding was questioned by Chief Justice Pleasants of the Galveston Court of Civil Appeals in the case of Jackson v. Craigen et al., 167 S.W. 1101. In this connection, though, the appellants herein, while recognizing the rule as laid down in the Stone v. Sledge case, supra, rely upon Art. 1301, R.C.S. of Texas 1925, which reads as follows:

"When an instrument in writing, which was intended as a conveyance of real estate, or some interest therein, shall fail, either in whole or in part, to take effect as a conveyance by virtue of the provisions of this chapter, the same shall nevertheless be valid and effectual as a contract upon which a conveyance may be enforced, as far as the rules of law will permit."

This article, although in effect in 1894 as Article 561, when the Stone v. Sledge case was decided, was not under consideration by the court in that case. In the latter case, the land in dispute was the separate estate of the wife; the husband had signed the deed, as well as the wife, but the wife's name did not appear as a grantor. The court in its opinion used this significant language [87 Tex. 49, 26 S.W. 1069]:

"The wife's signature to the instrument under consideration does tend to show her consent to her husband's conveyance of the land, but that is a very different thing from manifesting a purpose to convey her own interest."

Art. 1301 is the last article in the comprehensive Title 31 on Conveyances, Vernon's Ann.Civ.St. art. 1288 et seq. Various and sundry articles of the Title deal with the form and requisites of deeds, setting out a suggested type of deed; other articles relate to conveyances of the homestead and of the separate estate of the wife. Manifestly intended by the legislature as a saving clause in the event some technical provision of the statutes with reference to conveyances should be omitted or overlooked in a deed, it provides that if the instrument intended as a conveyance should fail, "either in whole or in part," to take effect as a conveyance, still it shall be valid as a contract upon which a conveyance may be enforced, as far as the rules of law will permit. Evidently the concluding phrase of the article, "as far as the rules of law will permit," means that the instrument shall be enforceable as a contract unless such construction should be in conflict with some positive enactment, such as the statutes governing the sale of the homestead, the Statute of Frauds, the article dealing with transactions with decedents, under which one might seek to invoke inadmissible testimony to uphold a written instrument, and others that might be named.

Under the statute above referred to, Art. 1301, a variety of applications has been made by the courts in an effort to do equity where the facts and circumstances seemed to require it. Thus, it was held in the case of Howard v. Zimpelman, Tex.Sup., 14 S.W. 59, that a deed not acknowledged, nor attested by witnesses, as required by statute, though not effectual as a conveyance, was enforceable as a contract to convey. In the case of Mondrag-

on v. Mondragon, 113 Tex. 404, 257 S.W. 215, 216, the Supreme Court of Texas held that a receipt for a certain cash consideration paid to the one executing the instrument, although his name was not mentioned therein, while probably good as a conveyance, was certainly valid as a contract of sale and used the following language in reference to the point:

"We are inclined to the view that the instrument, being clearly a relinquishment by an heir of his interest in an estate, could be regarded as a conveyance. (Authorities).

"Whatever doubt there might be as to the correctness of such a conclusion, it is quite evident under the authorities that this receipt is sufficient as a contract for the sale of the land."

26 C.J.S., Deeds, p. 204, § 24, subdivision 4, has this to say:

"Where the grantors are named in a deed and it is signed and acknowledged by a person not named therein in connection with the grantors named, it has been held that, while it is inoperative as a conveyance of his interest, it may be valid and enforceable as a contract to convey."

See also, American Jurisprudence, Vol. 16, p. 645, Section 359; R.C.L., Vol. 27, p. 316, Sec. 8; Swindall v. Ford, 184 Ala. 137, 63 So. 651; Miller v. Alexander, 8 Tex. 36; McCown v. Wheeler, 20 Tex. 372.

The record in this case discloses that John W. Hoff died in 1939, eighteen years after he signed the deed with his wife conveying the land to E. Rowland, et al.; that the land in question was not listed in the inventory of his estate as a part thereof; that since 1925, the vendees of the land have paid the taxes thereon, and have executed oil and gas leases covering such land. It seems to us that in fulfillment of the maxim that "equity considers done that which should have been done," the instrument under consideration, while not sufficient as a conveyance of title, should be given effect as a valid contract of sale. 'Tis true that the consideration is recited as having been paid to Elnora Hoff; still, such consideration was community property of herself and John W. Hoff, and as such is considered as payment to him, at least in part. Treating Elnora Hoff's name and acknowledgment to the deed as surplusage, it amounts to an acknowledgment by John W. Hoff of receipt of the cash consideration paid for the land. The tract was sold in good faith, the vendee paid for it in cash, kept the taxes paid from then on, leased the land for oil and gas purposes, and the grantor from the time of the sale never asserted any claim to it. It is a situation analogous to one where a person sells a tract of land, accepts the money for it, but through an inadvertence his name is omitted from the granting clause. Under such facts, in a suit to enforce specific performance, or to correct the deed, can it be seriously contended that the plaintiff would not be entitled to recover? Too, Art. 1301 means what it says, or it doesn't. Its provision that when an instrument intended as a conveyance of real estate shall fail, in whole or in part as such conveyance by reason of the provisions of such chapter, one of which gives the form of a deed, nevertheless such instrument shall be valid as a contract upon which a conveyance may be enforced, in our opinion is meant for application in situations such as the one under advisement, and similar ones that might arise.

The judgment of the trial court accordingly is reversed and rendered in favor of appellants.