## P. F. MAGEE v. F. R. YOUNG ET UX.

No. A-1021. Decided December 14, 1946.
Rehearing overruled January 15, 1947.
Second Rehearing overruled February 12, 1947.
(198 S. W., 2d Series, 883.)

*Harrington & Harrington,* of Longview, for petitioner.

The Court of Civil Appeals erred in holding that the deed was sufficient as a contract to convey and to pass title to the respondents because Elnora Hoff had not properly acknowledged it as a married woman and her husband though he signed and acknowledged same was not mentioned in the face of the deed. LeBlanc v. Jackson, 210 S. W. 687; Texas Pac. Coal & Oil Co. v. Patton, 238 S. W. 202; Dennis v. Little, 184 S. W. (2d) 516.

*Jones & Jones,* of Mineola, and *Ford F. Pryor,* of Hanford, California, for respondents.

The property in question being community and the instrument bearing the signatures of both the husband and wife it is a valid contract to convey real estate and while not a valid deed of conveyance it is sufficient to pass and vest in their vendees an equitable title to the land. Lee v. Lee, 112 Texas 392, 247 S. W. 828; Secrest v. Jones, 21 Texas 121; Elliott v. Mitchell, 47 Texas 445, 451.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

This is a suit in trespass to try title filed by petitioner, P. F. Magee, against respondents, F. R. Young and wife, Anna Dean Young, for the title and possession of 160 acres of land in Wood County. In the trial court judgment was rendered in favor

of petitioner, but the Court of Civil Appeals reversed that judgment and rendered judgment in favor of respondents. 196 S. W. (2d) 203.

Petitioner's claim of title is based on a deed to the land in suit executed to him in 1944 by Mrs. Elnora Hoff, to whom her husband, John W. Hoff, then deceased, had theretofore devised and bequeathed all his property. There are two deeds in respondents' chain of title attacked by petitioner. One was executed in 1914 by Ruth L. Thronburg and husband, H. G. Thornburg, and the other in 1921 by Elnora Hoff, wife of John W. Hoff. The opinion of the Court of Civil Appeals discusses both of these deeds. In this court the petitioner raises no question as to the correctness of the decision of that court with respect to the validity of the Thornburg deed, but confines his attack solely to the Hoff deed. He bases his right to recover here upon the proposition that the Hoff deed, hereinafter discussed, conveyed no title, legal or equitable, to the land in question. Our statement of the case will therefore be limited to such portions of the record as are thought to have a bearing upon that issue.

■ The property was conveyed by J. H. Carter to Elnora Hoff by deed dated February 4, 1916. The deed recited that the consideration of $2,000.00 named therein was "paid by Elnora Hoff". Elnora Hoff was then a married woman, the wife of John W. Hoff. On May 12, 1921, Elnora Hoff executed a deed to E. Rowland and wife, Aletha E. Rowland. By mesne conveyance whatever title was acquired by the Rowlands through that deed passed to respondents. The name of John W. Hoff does not appear in the body of the deed and it does not purport to be his act. However, he signed the deed just below the signature of his wife and a certificate of acknowledgment of both by a notary public of Fresno County, California, appears below the signatures. Since under our views the form of the acknowledgment is not controlling, it will not be discussed further than to state that, in our opinion, it embodies the essential elements of a single acknowledgment under our statutes, but not of a married woman's separate acknowledgment.

■ In order to determine what effect, if any, should be given to the Hoff deed, it is necessary that we first decide whether the property was the separate property of Mrs. Hoff or the community property of her and her husband. The property having been acquired during the marriage of the Hoffs, presumptively it was community property, even though the instrument recites

that the consideration was paid by Mrs. Hoff and the deed was drawn in her name, there being no language in the deed disclosing that the consideration was paid from her separate funds or that the property was conveyed to her as her separate estate. This court has recently reannounced the above rule with citation of supporting authorities in Brick & Tile v. Parker, 143 Texas 383, 186 S. W. (2d) 66. It is petitioner's claim that this presumption was overcome by the record in this case. This claim is based alone upon the following circumstances: (1) The conveyance was made to Elnora Hoff and recited that the consideration was paid by her; (2) the deed executed by her recited that she was the grantor; (3) her husband, John W. Hoff, signed and acknowledged the deed without being named as a party in the deed; (4) he died in 1939 and the inventory of his estate, prepared by others after his death, did not list a claim to the property.

These circumstances, in our opinion, are not legally sufficient to overcome the presumption. There is no suggestion that the property was the homestead of the Hoffs, and so our discussion below will be based upon the conclusion that this property was the community property of the Hoffs and was not their homestead.

■ The Court of Civil Appeals recognized the principle announced in Stone v. Sledge, 87 Texas 49, 26 S. W. 1068, and, based thereon, it held that the deed signed by John W. Hoff failed as a conveyance by him because his name did not appear in the body thereof and it was not otherwise made to appear therein that it was his intention to be bound thereby, but nevertheless upheld the title of the respondents on the ground that such deed was a valid contract on the part of John W. Hoff to convey the land, which contract had been fully executed by the Rowlands, and that as a consequence the equitable title passed to them. We have concluded that its decision is correct.

■ It is obvious that the equities are on the side of respondents. They hold the title of the Rowlands, who, in 1921 purchased this land from the Hoffs and paid them the agreed price therefor, while petitioner's claim of title comes through a deed executed twenty-three years later by Mrs. Hoff after the death of her husband. There is no showing that the Hoffs ever made claim to any of the revenue derived from the land or made any attempt to repudiate their deed until Mrs. Hoff executed the deed to petitioner. On the other hand, there is a showing that respond-

ents assumed the obligations and exercised the rights of ownership of the land by the payment of taxes thereon and the leasing thereof for mineral exploration and development.

The deed signed by John W. Hoff was not in the form of a contract and it contained no express covenant on his part to convey, but that fact creates the situation which calls for the application of rules of equity. Had it contained a covenant on his part to convey, there would have been no occasion to resort to equitable rules, and only because of the absence of such a covenant do those rules come into play. Clearly the parties intended that some effect be given the instrument and by treating it as an obligation to convey equity gives it effect.

■ In order to satisfy the demands of justice, courts of equity will indulge in presumptions and even pure fiction. For examples, under proper facts, they will (a) presume a grant where none is proved, Magee v. Paul, 110 Texas 470, 221 S. W. 254; Baumgarten v. Frost, 143 Texas 533, 186 S. W. (2d) 982; 2 Tex. Jur. pp. 24-28; and will (b) create a trust contrary to the intentions of the parties to the transaction, Texas Creosoting Co. v. Hartburg Lbr. Co. (Com. App.) 12 S. W. (2d) 169; 42 Tex. Jur. pp. 649 et seq.

For the same purpose and upon like reasoning such courts, under proper facts, will treat an instrument in writing, having the form of a deed but which cannot be given effect as such, as if it were a contract to convey. This principle has become statutory law in this State, Art. 1301 R. S. 1925, and has been applied in numerous cases.

Ruling Case Law, Vol. 27, p. 316, Sec. 8, states the principle in this language:

"Frequently an instrument in the form of a conveyance is ineffectual to operate as such by reason of some technicality of the law. In such instances courts of equity have not hesitated to treat the agreement as a contract to convey if the equities of the case so require. Thus a deed based on a valuable consideration but ineffectual to operate as a conveyance is treated in equity as a contract to convey."

The precise question before us was before the Supreme Court of Alabama in the case of Rushton v. Davis, 127 Ala. 279, 28 So. 476. In that case, as in the instant one, a husband signed and acknowledged his wife's deed as a grantor, but his name did not appear as a grantor in the body of the deed and it was

held that, although it was inoperative as a legal conveyance, it constituted a valid contract to convey. The same question later came before that same court in the case of Swindall v. Ford, 184 Ala. 137, 63 So. 651. In that case a deed was signed by one not named as a grantor therein, the body of the deed reciting that it was the deed of the other vendors, and the holding was again made that, while the instrument was void as a conveyance of the interest of the party not named as a grantor, it was nevertheless a valid and enforceable contract on his part to convey his interest. That principle was approved by the Supreme Court of Arkansas in Naill v. Kirby, 257 S. W. 735. The facts in that case were not identical with those in the other cases, but the opinion approves the principle.

While this court has not decided this precise question it has decided it in principle. In Mondragon v. Mondragon, 113 Texas 404, 257 S. W. 215, the name of the owner of an interest in land was signed to a receipt for $160.00 in payment of his interest in the land and it was held that such receipt should be treated as a valid contract to convey. In our view that case goes at least as far as we are called upon to go in the instant case. The deed signed by John W. Hoff acknowledged receipt of the purchase price paid to Mrs. Hoff. Since the property was community, that was an acknowledgment of the receipt of money paid to the community. Every reason which impelled this court to treat the receipt in the Mondragon cases as a valid contract to convey obtains in the case before us.

A suit for specific performance by respondents was not necessary in order to invest them with sufficient title to defend this action. The deed signed by the Hoffs acknowledged the receipt of the purchase price. In the Mondragon case it was held that a receipt for purchase money was as respects the rights of the grantee an executed contract to convey, and that, as such, it vested an equitable title in the grantee superior to the grantor's legal title. That is in accord with the general rule that performance by the vendee in a contract to convey vests the equitable title in him. Johnson v. Wood, 138 Texas 106, 157 S. W. (2d) 146.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered December 4, 1946.

## ON REHEARING.

In his motion for rehearing petitioner insists that our orig-

inal opinion overrules Stone v. Sledge, 87 Texas 49, 26 S. W. 1068. It was not thought that it would be so construed. In our view the cases are clearly distinguishable. We expressly limited our holding to cases involving non-homestead community property. The property dealt with in the Stone-Sledge case was the separate property of the wife and her name did not appear in the body of the deed. The strict rules governing the conveyance of a wife's separate property are not applicable in the conveyance of community property.

■ He also insists that the proper construction to be given to the deed under review is that, "the parties intended that Mrs. Hoff should convey the property described in the deed and that Mr. Hoff should consent to the conveyance." It may be that the deed is properly susceptible to that construction. We do not hold that it is not, but, if so, and if the deed was properly executed by her, then it was a valid conveyance of the legal as well as the equitable title to the property. It is a well established rule that a deed to non-homestead community property executed by the wife alone with the consent of the husband conveys title. Thomas v. Chance, 11 Texas 634; Hanks v. Leslie, 159 S. W. 1056, (error refused) ; Leyva v. Rodriquez, 195 S. W. (2d) 704, (error refused, no reversible error) and the authorities there reviewed. It was suggested from the bench during oral argument that this case might fall within the rule of the cases just cited, and in our study of the case we gave consideration to that theory, but, since the case had not been briefed on that theory, and since we became convinced that the theory upon which the Court of Civil Appeals based its decision and which had been briefed by both parties was sound, we concluded not to write upon the question of whether legal title passed by the deed. Having concluded that the equitable title passed we did not feel, and do not now feel called upon to decide whether, upon another theory, the legal title also passed. As stated in Mondragon v. Mondragon, 113 Texas 401, 257 S. W. 215, where it was thought that the instrument under review might probably have been sufficient as a conveyance, "Since, however, the same result will be reached, we will treat the contract as one for the sale of land, rather than a conveyance."

The motion for rehearing is overruled.

Opinion delivered January 15, 1947.

Second motion for rehearing overruled February 12, 1947.