**OLIVER H. ROSS PIANO CO. v. WALKER et ux.**

No. 13481.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 15, 1937.

Rehearing Denied Jan. 14, 1938.

Garland Flowers, of Fort Worth, for appellant.

McLean & Scott, of Fort Worth, for appellees.

BROWN, Justice.

This suit was brought by appellant against appellees, husband and wife, for judgment on a note and chattel mortgage executed alone by the wife, to cover the purchase price of a piano. The old piano then being used in the home was traded in on the purchase price of the new instrument.

The piano was bought in September, 1931, and has been kept and used in the home from that time up and until this suit was filed, June 18, 1935, and when tried in December, 1935, and no return of the instrument was ever made or offered to be made. These facts alleged to show acquiescence in the purchase of an article constituting a home necessity were pleaded by appellant.

Appellees answered that the contract was signed by the wife, a married woman, and same was not made for the benefit of her separate estate, and was not a necessity, within the meaning of the law.

In a trial amendment allowed, the appellees pleaded that the note sued on is not in the condition in which it was when signed by Mrs. Walker; that it had no figures placed therein and that same was "blank," and the actual trade was that the piano was to be sold to her for $425 and she was to receive not less than $200 credit for her old piano, and if same were sold for more than $200 credit for such additional sum; that someone fraudulently changed the amount of $425, the agreed purchase price, to $650, and changed the note so that it represented a balance of $375, when the agreement between the parties was that the balance should be $225, less whatever excess, if any, the old piano brought over and above $200.

They further pleaded that Mrs. Walker was not Mr. Walker's agent. And further pleaded that appellant agreed to give a piano stool of the value of $40 for the purchase price agreed upon and that the stool was worth only $5, and they were entitled to a further credit of $35.

The case being sumitted to a jury on special issues, the following findings were made: (1) That Mrs. Walker did not sign the note sued upon; (2) that she did not sign the note sued upon when it was in the exact condition in which it now appears; (3) that the value of the piano stool appellant agreed to deliver to Walker at the time the piano was purchased was $35; (4) that the total purchase price agreed upon at the time of the sale was $425.

On this verdict the trial court rendered judgment that appellant take nothing by reason of its suit.

The appeal is from such judgment.

The finding by the jury that Mrs. Walker did not sign the note sued upon is a finding that the evidence is insufficient to support, and same is wholly contrary to the overwhelming preponderance of the evidence.

■ The finding that the note sued upon is not *in the exact condition* in which it was when signed by Mrs. Walker, not only wholly refutes the contention that she did not sign it at all, but constitutes no finding of any definite fact that would constitute a defense. No note is ever in the exact condition in which it was when signed, at the date of its maturity. The changes must be shown to be material to an alleged defense.

■ The finding that appellant agreed to deliver a piano stool with the purchased piano of the value of $35 is no finding on which a judgment could be had for appellees. There is no finding, or basis, for the computation of any loss.

■ The last finding, that the agreed purchase price, at the time of the sale, was $425, does not have sufficient support in the evidence.

The record here discloses that Mrs. Walker made the purchase in 1931 and executed the original papers; that she became dissatisfied and went back to appellant and made a new note and mortgage, and received a special discount of $75 from the original price. The signature on the first note and mortgage (which were canceled and released when she signed the one sued upon) and on the note sued upon, and on the letters introduced in evidence, are undoubtedly the same.

After the president of appellant had testified to the new transaction, no denial of the facts so adduced was made by Mrs. Walker, or by anyone in her behalf.

The evidence establishes an acquiescence in the purchase by the husband. He cannot be heard to say he saw this new piano in the home for four years and simply shut his eyes.

■ The fact that it was a necessary household article is fully established by the fact that Mrs. Walker plays the piano, and that she traded in her old one in purchasing the new one.

The judgment of the trial court is reversed and the cause is remanded.