Clyde GARNER et al., Appellants,

v.

W. K. LOCKHART et ux., Appellees.

No. 6846.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 8, 1955.

Rehearing Denied Jan. 12, 1956.

Louis W. Graves, Jr., Houston, for appellants.

Lewis & Chandler, Jacksonville, for appellees.

DAVIS, Justice.

Immediately prior to the 4th day of May, 1928, W. P. (William) Davis went from Sheppard, Texas, to Jacksonville, Texas, to buy a tract of land from J. M. Garner. Davis made a trade with Garner for a 50-acre tract of land in the G. Causey Survey No. 75 in Cherokee County for a total consideration of $1,600. The consideration to be $1,000 cash and $600 in vendor's lien notes. Garner owned only ¾ of the minerals under the land at that time and it was agreed that he was to reserve a full ½ interest in the minerals in the sale to Davis. After the trade was made, Davis called his wife at Sheppard, Texas, and she proceeded to Jacksonville to close the deal. On May 4, 1928, J. M. Garner and wife, Annie Garner, by general warranty deed, conveyed the 50-acre tract of land to Mrs. Francis Davis for the consideration above stated, reserving neither a vendor's lien to secure the payment of the notes, or the minerals. The deed recites the notes. Mrs. Davis was the only grantee named in the deed but there is nothing in the deed to indicate that the consideration was paid out of her separate estate or that the land was to be her separate property. This deed was filed for record June 2, 1928.

On May 5, 1928, Mrs. Francis Davis, without the joinder of her husband, executed a deed conveying an undivided ½ interest in and to all the minerals in and under and that may be produced from the above 50-acre tract of land to J. M. Garner.

There is only an ordinary single acknowledgment of Mrs. Davis to the deed. This deed was filed for record on May 8, 1928, and recorded in Vol. 131, p. 286, Deed Records, Cherokee County.

On September 21, 1929, Mrs. Francis Davis, joined by her husband, W. P. Davis, conveyed the 50 acres of land to W. K. Lockhart for a consideration of $1,000 in notes, and reserving only a vendor's lien to secure the payment of same. The evidence shows that Lockhart was told that Garner had reserved ½ the minerals under the land before the Davis-Lockhart deal was closed. Lockhart admitted that he was told that Garner reserved ½ the minerals when he sold to the Davises and that the above mineral deed appeared in a supplemental abstract that he was furnished and had examined by an attorney before the Davis-Lockhart deal was closed.

On July 18, 1934, a mineral deed, labeled "Royalty Deed" was filed for record in Cherokee County which showed the following: 1. Mrs. Francis Davis and husband, William Davis, as grantors. 2. Dated May 5, 1928. 3. Signed by both Mr. and Mrs. Davis. 4. Acknowledged by Mrs. Davis on May 5, 1928, by only an ordinary single acknowledgment but adding immediately after Mrs. Davis' name the phrase, "wife of William Davis." 5. Acknowledged by William Davis on July 18, 1934. 6. Recorded in Vol. 131, page 286 (same as the first mineral deed). This deed was subsequently recorded in Vol. 177, page 239, in the Deed Records of Cherokee County.

On April 10, 1954, W. K. Lockhart and wife, Mamie Lockhart, filed suit against the heirs of J. M. Garner and wife, Annie Garner, to cancel the mineral deed or deeds hereinabove referred to on the grounds that the first mineral deed was null and void because Mrs. Davis was not joined in said deed by her husband and it was improperly acknowledged, and challenging the second mineral deed because it was improperly acknowledged, and contending that the signing of the second mineral deed by Mr. Davis after Mr. and Mrs. Davis had conveyed the property to appellees (Lockharts)

was ineffective to operate as a ratification of Mrs. Davis' conveyance even if the second mineral deed was the same deed as the first.

Although it is contended by appellants and appellees that the mineral deed to which we refer as the second mineral deed is the same mineral deed as the one we refer to as the first mineral deed, we point out that in the first mineral deed Mrs. Davis only is named as grantor, and the acknowledgment does not mention the fact that she is a married woman other than referring to her as "Mrs. Francis Davis." In the second deed, both Mr. and Mrs. Davis are named as grantors, Mr. Davis signed it and Mrs. Davis is referred to in her acknowledgment as the "wife of William Davis." Bearing in mind that the mineral deed referred to as the second deed shows to be recorded in the same book and page as the first mineral deed, the discrepancies are unexplained.

It was stipulated that J. M. Garner and wife, Annie Garner, was the common source of title to the land insofar as the persons involved in this suit are concerned.

Trial was to the court without a jury and judgment was rendered for appellees cancelling the mineral deeds, and the Garner heirs appealed.

Appellants bring forward three points of error. By point one they complain of the action of the trial court in rendering judgment for appellees because appellees were not innocent purchasers for value, and contend that appellees had both actual and constructive notice of appellants' claim. As above pointed out, Lockhart admitted that he was told by Davis that Garner owned ½ of the minerals before the trade was made. Further, Lockhart testified that his attorney told him about the mineral deed from Mrs. Davis to Garner. Lockhart testified that his attorney told him that the deed was void because Mrs. Davis' husband had not joined with her and that he, Lockhart, believed and relied upon what his attorney told him. If the mineral deed from Mrs. Davis to Garner is not void, the attorney's advice is not sufficient to

make Lockhart an innocent purchaser for value.

■ The trial court did not file findings of fact and conclusions of law, and made no fact findings in his judgment, except that appellees were entitled to judgment cancelling the mineral deeds hereinabove referred to. If the trial court found that appellees were innocent purchasers, the finding cannot be sustained. As stated in 43–B, Tex.Jur. 25, Sec. 718: "A purchaser who has notice of an outstanding equity or interest is precluded from claiming protection as an innocent purchaser, and such notice renders his title subordinate to the rights of the adverse claimant." Such is the holding of the Supreme Court in Hill v. Foster, 143 Tex. 482, 186 S.W.2d 343. We hold that the Lockharts had both actual and constructive notice of Garner's claim. Hexter v. Pratt, Tex.Com.App., 10 S.W.2d 692; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286.

■ If the trial court found that the first mineral deed was void because Mrs. Davis was not joined by her husband, then we must decide whether the property, under the state of the record, was the community property of the Davises, or Mrs. Davis' separate property, and whether or not it was their homestead. As hereinabove pointed out, the recitations in the deed do not show that the consideration was paid out of the separate funds of Mrs. Davis; nor that the notes were to be paid out of her separate funds; nor that it was conveyed to her as her separate property. There is no evidence that it was intended to be used as a homestead at the time it was purchased or that it ever was used as such. Property conveyed to the wife is community property in the absence of language in the deed tending to show that it was purchased with her separate funds, or that it was conveyed to her as her separate property. Parker v. Chance, 11 Tex. 513; Thomas v. Chance, 11 Tex. 634, 637; Brick & Tile, Inc., v. Parker, 143 Tex. 383, 186 S.W.2d 66. We hold that the property was the community property of the Davises, and not their homestead.

Since it is not necessary that a deed that conveys non-homestead community property be acknowledged by the wife, and a wife's defective acknowledgment to such conveyance conveys title, it will not be necessary to pass upon the validity or sufficiency of the notary's certificates of Mrs. Davis' acknowledgments. 1 Tex.Jur. 522, Sec. 119; Johnson v. Russell, Tex.Civ.App., 220 S.W. 352, error ref.; 23 Tex.Jur. 255, Sec. 222; Savage v. Rhea, Tex.Com.App., 33 S.W.2d 429, rehearing overruled 35 S.W.2d 133; Young v. Magee, Tex.Civ.App., 196 S.W.2d 203, error ref. Appellants' point one is sustained.

■ By point two appellants complain of the action of the trial court, contending that Mrs. Davis executed the first mineral deed with the knowledge and consent of her husband and that it conveyed a ½ mineral interest to J. M. Garner. It is a well-established rule of law in this state that a deed executed to non-homestead community property executed by the wife alone with the consent of the husband conveys title. Thomas v. Chance, 11 Tex. 634; Hanks v. Leslie, Tex.Civ.App., 159 S.W. 1056, error ref.; Leyva v. Rodriguez, Tex.Civ.App., 195 S.W.2d 704 writ ref., NRE. The record in this case shows the consent of the husband. Point two is sustained.

■ By point three appellants complain of the action of the trial court, contending that the warranty deed from Garner to Mrs. Davis and the first mineral deed from Mrs. Davis to Garner should have been considered as part and parcel of the same transaction. The evidence shows they were executed contemporaneously and were delivered simultaneously. With this contention we agree. Richardson v. Wilson, Tex. Com.App., 213 S.W. 613; Guadalupe-Blanco River Authority v. City of San Antonio, 145 Tex. 611, 200 S.W.2d 989; Guardian Trust Co. v. Bauereisen, 132 Tex. 396, 121 S.W.2d 579; Rudes v. Fields, 146 Tex. 133, 204 S.W.2d 5. Point three is sustained.

■ As to the defective acknowledgments: An objection to a married woman's

acknowledgment may not be raised by a stranger to the married woman's title, but only by the woman herself, her heirs or privies. Buvens v. Brown, 118 Tex. 551, 18 S.W.2d 1057; Savage v. Rhea, Tex.Com. App., 33 S.W.2d 429.

The case appearing to have been fully developed, the judgment of the trial court is reversed and judgment is here rendered that appellees take nothing. It is so ordered.

Reversed and rendered.