W. K. LOCKHART ET UX. *v.* CLYDE GARNER ET AL.

No. A-5679. Decided January 23, 1957.
Rehearing overruled February 20, 1957.
(298 S.W. 2d Series 108).

*Lewis & Chandler*, of Jacksonville, for petitioners.

*Louis W. Graves, Jr.*, of Houston, for respondents.

ON MOTION FOR REHEARING

MR. JUSTICE SMITH delivered the opinion of the Court.

The opinions delivered in this cause on October 3, 1956 are withdrawn and the following is substituted therefor.

Petitioners W. K. Lockhart and wife, Mamie Lockhart, filed this suit on April 10, 1954 against respondents, Clyde Garner et al., in the District Court of Cherokee County, Texas, alleg-

ing (1) that a certain royalty deed dated May 5, 1928, executed by Mrs. Frances Davis and later ratified by her husband, W. P. Davis, to J. M. Garner, the father of respondents, constituted a cloud upon their fee simple title to a certain 50-acre tract of land situated in Cherokee County, Texas, and (2) the usual allegations in trespass to try title. The prayer was for judgment declaring the royalty deed null and void and for removal of the cloud cast upon their title by virtue of said royalty deed. The pleadings and the judgment refer to two royalty deeds. The facts show that the deed was recorded in Volume 131, page 286, of the Deed Records of Cherokee County, Texas, and that subsequently the husband, W. P. Davis, signed and acknowledged the same deed and it was then re-recorded and the recordation thereof appears in Volume 137, page 239, of the Deed Records of said county.

A trial to the court without the intervention of a jury resulted in a judgment in favor of petitioners cancelling the deed of May 5, 1928 and the recordation thereof, the net result being to award W. K. Lockhart and wife, Mamie Lockhart, the full fee simple title to the 50 acres of land involved. On appeal the Court of Civil Appeals reversed the judgment of the trial court and rendered its judgment that petitioners take nothing. 285 S.W. 2d 393.

The respondents are the heirs of J. M. Garner and wife, both deceased, and claim title to the royalty conveyed to their father, J. M. Garner, under the deed dated May 5, 1928. It was stipulated that J. M. Garner and wife were the common source of title so far as this case was concerned. Petitioners deraign title from the common source through the following deeds:

(1) On May 4, 1928 J. M. Garner and wife conveyed the 50-acre tract of land involved in this suit to Mrs. Frances Davis, a married woman;

(2) On September 21, 1929 Mrs. Frances Davis, joined by her husband, W. P. Davis, conveyed the same land by general warranty deed to W. K. Lockhart.

Neither of these deeds contained any reservations or exceptions and made no reference whatever to the deed of May 5, 1928. To defeat this title the respondents in their pleadings set up the defense that the deeds of May 4, 1928 and May 5, 1928 were actually executed and delivered the same day and that "such documents were a part and parcel of the same trans-

582

action and were executed to carry out and effectuate the intent and agreement of the parties that J. M. Garner was to reserve and retain to himself a full 50 per cent of the royalties on all oil, gas and other minerals on or under the lands described in such instrument;" and the "W. K. Lockhart at all times knew of the facts in regard to the reservation of the royalty interest as set out in the deed of May 5, 1928." The respondents further alleged that Mrs. Frances Davis was "fully authorized and empowered by William Davis (her husband) to sign the document of May 5, 1928. * * *"

The respondents further relied upon a plea of ratification and confirmation on the part of W. P. Davis by virtue of the fact that on July 18, 1934 he signed and acknowledged the deed of May 5, 1928.

Petitioners contend that the Court of Civil Appeals erred in holding that they were strangers to the title of Mrs. Davis, and therefore were not entitled to attack her deed of May 5, 1928 to J. M. Garner on the ground that it was not properly acknowledged. We agree with the petitioner. He derived his title from Mrs. Davis, and, therefore, is in privity with her.

The petitioners contend that the deed executed by Mrs. Davis on May 5, 1928, as grantor, to J. M. Garner was ineffective as a conveyance because the deed was not acknowledged in accordance with the provisions of Articles 6605 and 6608, Vernon's Annotated Civil Statutes of the State of Texas. He maintains this position regardless of whether the deed was executed by the wife with or without the consent of her husband.

■ For the deed to be effective as a conveyance where the wife as the sole grantor of community property executes and acknowledges the deed alone, it must be established by the evidence that such action on the part of the wife was with the consent of the husband. Our conclusion to consider the 50-acre tract as community property is based on the fact that the tract was conveyed to Mrs. Davis during coverture and is presumed to be community property. There being no recital in the deed or evidence to the contrary, the presumption is conclusive that the land involved is community property. There is no evidence that the property involved was a homestead. It is well settled that a deed to nonhomestead community property executed by the wife alone with the consent of the husband conveys title. Thomas v. Chance, 11 Texas 634; Speer's Law of Marital Rights in

Texas (Third Edition) Sections 247 and 267. The only statutory restriction upon the power to convey community property other than the homestead is Article 4619, Vernon's Annotated Civil Statutes, which provides that the same may be disposed of by the husband only. Although the case of Magee v. Young, 145 Texas 485, 198 S.W. 2d 883, is not exactly the case we have here, yet we believe the rule announced therein is applicable to the case at bar. The Court in that case in sustaining a deed by the wife conveying non-homestead community property with an acknowledgment not satisfactory to meet the requirements of a wife's separate examination, said in part:

"The strict rules governing the conveyance of a wife's separate property are not applicable to the conveyance of the community property."

■ We hold that the requirements of Article 4619 are satisfied when it has been shown by the evidence that the husband gave his oral consent to the wife's conveyance. Therefore, the decision of this question turns on whether or not the evidence shows the consent of the husband. The Court of Civil Appeals has held that it does. The question of whether or not Mr. Davis gave his oral consent to the conveyance of May 5, 1928, by his wife alone, is one of fact and if the evidence on the issue raised a fact issue, although the trial court made no findings of fact, we may infer in favor of the validity of the judgment, that the court found the fact issue (oral consent of the husband) against the respondent. We have reached the conclusion, however, after examining the record that the rule of implied findings of fact in support of the judgment cannot be invoked in this case. This for the reason that the evidence conclusively establishes as a matter of law that the deed was executed by Mrs. Davis with the consent of her husband. Mr. Davis, who was called as a witness by the petitioners, testified without contradiction that he made arrangements with Mr. Garner for the purchase of the land; that it was agreed that the latter would reserve one-half the minerals; that the mineral deed dated May 5, 1928, and signed by Mrs. Davis, was part of the trade; that he knew that she intended to sign it, and that it was all right with him for her to do so.

Our conclusion on the point above discussed renders it unnecessary to pass upon the other points urged by petitioner. Accordingly, the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered, January 23, 1957.

584

Mr. Justice Griffin joined by Justice Garwood dissenting.

I believe there is evidence in the record which will support the judgment rendered by the judge before whom the case was tried, without intervention of the jury.

Therefore, I dissent from the holding of the majority.

Opinion delivered January 23, 1957.

Rehearing overruled February 20, 1957.