**Charles H. SMITH, Jr., Appellant,**

v.

**ANNA–MANNA, INC., Appellee.**

**No. 14299.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 9, 1964.

------◆------

Evans & Egger, San Antonio, for appellant.

Lagerquist, Shaw & Davis, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the County Court at Law No. 2 of Bexar County, Texas, by Charles H. Smith, Jr., against Anna-Manna, Inc., seeking to recover the possession of a freezer or, in the alternative, the value of same, alleging wrongful possession by defendant. Defendant alleged it held possession of the freezer by virtue of having exercised its right of re-possession and foreclosure under a chattel mortgage executed by plaintiff's wife without his joinder. Defendant claimed the mortgage to be binding upon the plaintiff on the ground that the mortgage was given to secure an indebtedness for necessities of the wife and family and, in the alternative, of agency or ratification by plaintiff. The case was tried to the court without a jury and judgment rendered that plaintiff take nothing, and that defendant have judgment on its counterclaim in the sum of $139.26, against which plaintiff should be credited with the proceeds of the sale of the freezer. The court further found that the defendant had foreclosed its lien and was entitled to sell the freezer at public or private sale. From that judgment Charles H. Smith, Jr., has prosecuted this appeal.

Plaintiff's first contention is that the court erred in concluding as a matter of law that the wife could execute a valid mortgage upon the freezer and bind the community estate of herself and husband, without the joinder of her husband.

The law covering the marital rights of the wife was materially changed by the Acts of 1963, 58th Leg. p. 1188, Chap. 472, Vernon's Ann.Civ.St. arts. 4614, 4618, 4621, 4624, 4626. But as the transaction here involved took place prior to these amendments we need not consider them. Art. 4619, Vernon's Ann.Civ.Stats., provides in effect that only the husband can dispose of the community property of himself and wife, unless the husband has abandoned the wife and his whereabouts are unknown. There is no intimation here that the wife, Blanche L. Smith had been abandoned by her husband, or that he was not in a position to exercise supervision over and act as head of the family. Speer's Marital Rights in Texas, Vol. 2, § 568, p. 254, § 569, p. 256. It is only where the husband has abandoned his wife, is confined in the penitentiary, has become insane or otherwise lacks legal capacity, that the wife can dispose of the community property.

Appellee contends that inasmuch as the chattel mortgage here involved was given to secure the purchase of food for the family, the wife was authorized to execute it without the joinder of her husband, and in this connection cites the case of Oliver H. Ross Piano Co. v. Walker, Tex. Civ.App., 111 S.W.2d 1165. This case goes no further than to hold that where a piano was a necessity for the wife and she purchased the piano and executed a mortgage for the purchase price thereof, she was within her authority. That case is distinguishable from the case at bar in that the chattel mortgage was given to secure the payment of the purchase price of the piano. When the piano became community property of the husband and wife, it was already under mortgage executed by the wife. The effect of this was that the superior title to the piano was never conveyed

to the husband and wife. But here we have the case where the freezer was fully paid for and a part of the community property of appellant and wife, and where the wife gave a chattel mortgage not for the purchase price of the freezer, but to secure the purchase price of food. The freezer being the community property of appellant and his wife, he alone could place a mortgage upon it to secure the purchase price of other commodities, with certain exceptions which do not exist here. The mortgage did not relate in any way to the purchase price of the freezer. Speer's Marital Rights in Texas, Vol. 2, 4th Ed., § 572, p. 259; 30 Tex. Jur.2d § 10, p. 20, § 11, p. 21. "During coverture the common property of the husband and wife may be disposed of by the husband only; * * *." Art. 4619, Vernon's Ann.Civ.Stats. The mortgaging of personal property is a disposition in part of the title thereof. Glens Falls Insurance Co. v. Yarbrough, Tex.Civ.App., 369 S.W.2d 640; Murchison v. Caruth Building Service, Tex.Civ.App., 369 S.W.2d 380, Ellis v. City of San Antonio, Tex.Civ.App., 341 S.W.2d 508.

Appellee contends further that appellant had authorized the mortgage of the freezer, or had ratified his wife's action in doing so. We do not agree. There is no evidence of probative force to show that the husband had either authorized or ratified the action of his wife in placing a chattel mortgage upon the freezer.

The chattel mortgage being void because executed only by the wife without the joinder of the husband, the action of appellee in repossessing the freezer was illegal, and the trial court committed reversible error in not so holding.

The judgment of the trial court is reversed and the cause remanded for further action not inconsistent with this opinion. The costs of this appeal are taxed against appellee.

Reversed and remanded.