Katherine Marie PASCOE, Appellant,

v.

I. KEUHNAST, Appellee.

No. 10–82–041–CV.

Court of Appeals of Texas, Waco.

Oct. 7, 1982.

Rehearing Denied Nov. 18, 1982.

David B. Kultgen, Beard & Kultgen, Waco, for appellant.

James O. Terrell, Waco, for appellee.

OPINION

CHASE, Justice.

This suit in trespass to try title, with alternate pleas, was brought by Irving Keuhnast against Katherine Marie Pascoe to recover the title and possession of a tract of land in McLennan County, Texas.

The evidence reflects that in 1942 Irving Keuhnast (hereinafter referred to as Irving), a career Air Force Officer, was married to Maxine Keuhnast (hereinafter referred to as Maxine). From 1954 to 1956 he was stationed in Waco, Texas, and while here, he and Maxine purchased a piece of property which is the subject matter of this lawsuit. The property was purchased with community funds, the salary of Irving from the Air Force.

In 1957 Irving gave Maxine a General Power of Attorney in anticipation of being transferred overseas.

On August 13, 1963, Irving revoked the Power of Attorney and such revocation was filed for record in McLennan County, Texas, on August 23, 1963.

In due time Irving and Maxine moved to the state of Iowa where they lived as husband and wife until they separated and divorce proceedings were commenced.

After moving to Iowa, Maxine became very friendly with Appellant, Katherine Marie Pascoe (hereinafter referred to as Katherine), and during the course of their friendship Katherine claims to have advanced to Maxine, as living expenses, a sum of approximately $6,000.00.

Upon revoking the Power of Attorney, Irving gave Maxine notice of his action, but notwithstanding such notice, Maxine on March 26, 1965, executed a deed to the Waco property, conveying it to Katherine in satisfaction of the debt which Maxine is alleged to have owed to her.

On August 23, 1965, Irving and Maxine were divorced by a court in the state of Iowa. The decree of divorce did not make any disposition of the properties, but on October 28, 1965, a further decree was entered in which the Waco property was awarded to Irving, and Maxine was ordered to execute such instruments as were necessary to quiet the title in Irving.

At the divorce hearing both Maxine and Katherine were present and neither one advised the court that Maxine had already deeded the property to Katherine.

The case was submitted to the jury on Special Issues in answer to which the jury found; (1) that the execution of the March 26, 1965 deed from Maxine to Katherine was intended by Maxine to defraud Irving of that to which he was or might become entitled; (2) that the execution and delivery of the March 26, 1965 deed from Maxine to Katherine was intended by Maxine to delay or hinder Irving from obtaining that to which he was or might become entitled; (2a) that at the time Katherine received the March 26, 1965 deed she knew of Maxine's intent to delay, hinder or defraud; (3) that Maxine by executing and delivering the March 26, 1965 deed to Katherine, sought to satisfy the obligations of Maxine to Katherine with the community interest of Irving in the Waco land; (4) that at the time Katherine received the March 26, 1965, deed to the Waco property, she knew that Maxine was delivering to her the community interest of Irving in satisfaction of Maxine's obligations to Katherine; (5) that Irv-

ing gave notice to Maxine of the revocation of the Power of Attorney before she executed the deed to Katherine; (6) that Irving did not give oral authorization to Maxine to execute the deed to Katherine by telephone shortly before the deed was executed; that Maxine did not have apparent authority to execute the deed to Katherine on behalf of Irving; and (8) that Maxine did not incur a debt to Katherine in settlement for which she executed the deed in question.

Based upon the verdict of the jury and the evidence adduced at the trial the court entered judgment that Irving recover of and from Katherine the title and possession to the Waco property, and have a writ of possession.

The court further ordered that Katherine recover from Irving $2,834.78 for taxes paid on the property during the time she held possession thereof.

Katherine has appealed on five points of error, the first of which charges the trial court erred in entering judgment that Irving recover the Maxine community one-half interest in the lot in question.

Katherine bases her argument on two theories:

(1) A petitioner in a trespass to try title suit, can only recover on the strength of his own title. Since he proved only a one-half community property interest that transformed, after his divorce, into a one-half undivided interest, he could only recover that undivided interest;

(2) Maxine's interest passed to Katherine under the doctrine of after acquired title.

█ The property in dispute, acquired during the course of Maxine's and Irving's marriage, was community property. *Colden v. Alexander,* 141 Tex. 134, 171 S.W.2d 328 (1943), article 4619 V.A.C.S. Since the status of property, as separate or community, becomes fixed at the time of its acquisition, the property continued to be community property even though Maxine and Irving became residents of the State of Iowa. *Smith v. Buss,* 135 Tex. 566, 144 S.W.2d 529 (1940).

**40**

The law which governs the validity of a conveyance of title to land is the law of the state in which the land is situated and not the state in which the instrument is executed. *Colden v. Alexander,* supra, *Erwin v. Holliday,* 131 Tex. 69, 112 S.W.2d 177 (Tex.Comm.App.1938, opinion adopted).

The Texas law which controlled the disposition of community property at the time of Maxine's deed was article 4619 V.A.C.S. which provided that the husband, as the sole manager of the community property, had the exclusive right to convey community property; except where the husband had abandoned the wife, was confined to the penitentiary, became insane or lacked legal capacity. Any other attempted conveyance by the wife alone was void. *Lasater v. Jamison,* 203 S.W. 1151, (Civ.App.— San Antonio 1918, writ ref'd), *Smith v. Anna-Manna, Inc.,* 384 S.W.2d 908 (Civ.App. —San Antonio 1964, no writ), *Lockhart v. Garner,* 156 Tex. 580, 298 S.W.2d 108 (1957).

Thus, the attempted conveyance of Texas community property by Maxine as the wife, without the valid joinder of her husband, was void. Furthermore, Maxine's deed, found by the jury as a conveyance made in fraud of Irving's interest, was void; so it could not support a title to Katherine. Katherine was left in the position as a mere trespasser. Art. 3996 V.A.C.S., now codified in Business and Commerce Code, Art. 24.02. *Biccochi v. Casey-Swasey Co.,* 91 Tex. 259, 42 S.W. 963 (Tex.1897), *Messimer v. Echols,* 194 S.W. 1171 (Civ.App.—Texarkana 1917, writ dismissed).

After their divorce, without the property having been divided between them, Irving and Maxine became tenants in common of the property. In this suit Irving has been able to prove only an undivided interest, but as between a petitioner proving an undivided interest in property and a trespasser, the person with the undivided interest has the right to recover the entire property against the trespasser. *Branch v. Deussen,* 108 S.W. 164 (Civ.App. 1908, writ denied), *Padgett v. Guilmartin,* 106 Tex. 551, 172 S.W. 1101 (Tex.1915).

Under the after acquired title theory Katherine asserts that the conveyance to her from Maxine became valid when Katherine became an undivided owner of the property after the divorce.

In *Duhig v. Peavy-Moore Lumber Co.,* 135 Tex. 503, 144 S.W.2d 878 (1940), the Supreme Court analyzed the doctrine of after acquired title and concluded that when a deed, purporting to convey a definite estate in land, contains a general warranty, the grantor will be estopped from asserting against the grantee an after acquired title to the same interest he conveyed to the grantee.

The doctrine is dependent upon the covenant of warranty in a deed. The warranty is the grantor's separate covenant that neither enlarges nor limits the title conveyed. *Richardson v. Levi,* 67 Tex. 359, 3 S.W. 444 (Tex.1887). In *Wadkins v. Watson,* 86 Tex. 194, 24 S.W. 385 (Tex.1893) the court rejected the doctrine's application against the warranties of a married woman and recognized that such application would indirectly repeal her disabilities of coverture. Since the doctrine of after acquired title is a doctrine in estoppel resting upon the warranty of the grantor and in this case the warranty being a nullity, the doctrine is not applicable.

Appellant's point number one is overruled.

Appellant's points two, three and four charge the trial court with error in failing to disregard the jury's answer to special issue number 8 and entering judgment notwithstanding because there is no evidence to support the issue; that the answer of the jury is against the great weight and preponderance of the evidence, and that the answer to special issue number 8 conflicts with the jury's answer to special issue number 3.

In view of our treatment of Appellant's point one, points two, three and four are immaterial and are overruled.

Appellant's point five charges the trial court erred in entering judgment that

Irving recover the land in question because his purported revocation of a power of attorney was ineffective.

It is Appellant's contention that the power of attorney was a power coupled with an interest.

We find the power of attorney to be nothing more than a simple general power of attorney and found no interest coupled therewith.

For a power of attorney to be irrevocable as a power of attorney coupled with an interest, there must be an interest set forth within the terms of the instrument itself. Here we find no such interest and overrule Appellant's point number five. *Gilmer v. Veatch,* 56 Tex.Civ.App. 511, 121 S.W. 545 (writ ref'd).

The judgment of the trial court is affirmed.