Gerald ONCALE, Appellant,

v.

J.A. VEYNA, Appellee.

No. C14–89–00525–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 12, 1990.

Patrick Lee Hoskins, Clarence T. Williams, Spring, for appellant.

Steven Haley, Breham, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This appeal arises from a judgment resolving the disputed ownership of a piece of residential real estate. Appellant sued appellee, J.A. Veyna, and William H. Haley, Jr., and William H. Haley, III seeking a declaratory judgment that he was the true owner of the lot and house in question.

Veyna filed a counter-claim asserting that he had acquired limitation title to the property by adverse possession under color of title, and that, as an assignee of the Haley's, he was entitled to specific performance of the earnest money contract signed by Oncale. Oncale's action against the Haley's was dismissed without prejudice on his motion for a nonsuit. Neither had been served. The trial court's judgment, that appellee Veyna had perfected title by adverse possession under color of title, in accordance with TEX.CIV.PRAC. & REM. CODE ANN. § 16.024 (Vernon 1986), and that Oncale take nothing, is affirmed.

Oncale purchased the then uninhabitable property at a trustee's sale in May 1980. Because he had prior real estate transactions with William Haley, Jr., Oncale contacted him to ask if Haley would be interested in purchasing the property. Mr. Haley, Jr. and his son, William Haley, III, frequently purchased and resold such residential properties. Mr. Haley, Jr. told Oncale that they would purchase the property if they could locate a buyer.

The Haleys informed Oncale that they had found a buyer, and met with Oncale in January 1981 to agree on the terms of purchase. On January 7, 1981, the Haleys and Oncale met in the office of Oncale's attorney. They agreed on a purchase price of $7,700.00, and that Oncale would serve as trustee for the $500 in earnest money paid by the Haleys. Oncale and Mr. Haley, III signed an earnest money contract containing those terms.

The following day, the Haley's sold the property to Jose and Esperanza Moncado under a contract for deed. The Moncados occupied the property for the following nine months. On November 25, 1981, the Moncados sold their interest in the property to appellee, Jose Veyna. Veyna paid the Moncados $5,000 and paid the Haleys the balance due under their contract with the Moncados. The Moncados gave an affidavit/deed to Veyna, which described the property, expressly stated they sold it to him, and set out the terms of the sale. Veyna and his family moved onto the property and have lived there since November 1981. The evidence established that Veyna had expended considerable time and money improving the property; had listed it as his residence in the phone book and paid taxes on it; and had continuously, openly, exclusively, and notoriously claimed a right to the property that was adverse to Oncale's interest.

Following the execution of the earnest money contract, the transaction between Oncale and the Haleys developed complications. Because of judgment liens attached to the property, Oncale had difficulty delivering clear title as he had agreed. The closing was postponed while Oncale . attempted to solve his problems.

Oncale originally agreed to finance the purchase price for the Haleys. However, since he was unable to retire the judgment liens, he insisted that the Haleys agree to amend the terms of the contract and pay him $7,000 in cash. The Haleys agreed to the amended terms, and a closing was set for August 24, 1984.

The day of the scheduled closing, Mr. Haley, Sr. accompanied Oncale to Angleton and paid $3,500 to retire the largest of the judgment liens. Oncale was to retire the two remaining liens with the balance of the purchase price, which he would receive at the time of closing.

When the Haleys tendered the balance to Oncale at the meeting, he refused to close the sale and deliver the deed to the property. Oncale complained that he would not net sufficient cash and demanded a higher purchase price. The Haleys would not agree. Oncale has never delivered the deed to the Haleys. Also he has not returned the $500 earnest money or the $3,500 paid to retire the judgment lien against him. The Haleys assigned their rights under the earnest money contract to Veyna.

In points of error four, five and six, Oncale challenges the legal and factual sufficiency of the trial court's findings of fact that the Haley's had fulfilled all obligations to close the sale and complete the conveyance of the property, and that the Haleys are entitled to enforce specifically performance of the earnest money contract.

Findings of fact made by the trial court have the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). An appellate court must use the same standards as are used in reviewing the evidence to support jury answers. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

When both legal and factual sufficiency points are raised, this court must first examine the legal sufficiency of the evidence. In reviewing the record, it is to consider only the evidence and inferences that tend to support the finding, and disregard evidence and inferences to the contrary. *King v. Bauer,* 688 S.W.2d 845, 846 (Tex. 1985). If there is any evidence of probative value to support the finding, the judgment must be upheld and the point of error overruled. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

If the finding is supported by legally sufficient evidence, this court must then weigh and consider all the evidence, both that in support of and that contrary to the challenged finding. The court's finding must be upheld unless it is so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. *Pool v. Ford Motor,* 715 S.W.2d 629, 635 (Tex.1986). This court may not substitute its opinion for that of the trier of fact merely because it might have reached a different conclusion. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 896 (1951); *Thompson v. Wooton,* 650 S.W.2d 499, 501 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Further, the trial court, as trier of the facts, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rego v. Brannon,* 682 S.W.2d 677, 680 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

■ Reviewing the record in the light most favorable to judgment, it is clear that there is ample evidence from which the trial court could have concluded that the Haleys performed their obligations fully under the earnest money contract. Per-

formance by the Haleys gave them equitable title to the property superior to the naked legal title that Oncale wrongfully retained. *Magee v. Young,* 145 Tex. 485, 198 S.W.2d 883, 886 (Tex.1946); *Johnson v. Wood,* 138 Tex. 106, 157 S.W.2d 146, 148 (Tex.Comm'n App.1941, opinion adopted). Accordingly, the trial courts' findings were properly made, and points of error four, five and six are overruled.

■ In eight points of error, Oncale challenges the legal and factual sufficiency of the evidence supporting the trial court's findings of fact and conclusions of law concerning Veyna's claim of title by limitation. Tex.Civ.Prac. & Rem.Code Ann. § 16.024 requires that a person seeking to recover real property held by another in peaceable and adverse possession under title, or color of title, must bring suit within three years after the day the cause of action accrues. Oncale does not contend his suit was filed within the three-year limitations period. Rather, he contends the evidence does not establish that Veyna entered the property under color of title.

"Color of title" means a consecutive chain of transfers to the person in possession that:

> (A) is not regular because of a muniment of title that is not properly recorded or is only in writing or because of similar defect that does not want of intrinsic fairness or honesty;

Tex.Civ.Prac. & Rem.Code Ann. § 16.021 (Vernon 1986).

Oncale argues that because there is no recorded conveyance of the property from him, neither the Haleys, nor the Moncados, nor Veyna can establish color of title. Oncale seems to have mistakenly equated the "consecutive chain of transfers" required by the statutory definition of color of title to a need for actual transfer of his deed. However, all the statute requires is a chain of muniments freely executed showing an equitable and beneficial right to the land, which do not lack intrinsic fairness or honesty. *Grigsby v. May,* 84 Tex. 240, 19 S.W. 343 (Tex.1892).

Section 16.024 was intended to cover cases in which the evidence of right, though in writing, was not executed in the manner prescribed by law; so long as the document is not lacking in intrinsic fairness and honesty. *Id.* The transfer of Oncale's interest to the Haleys by their performance of the earnest money contract, the transfer of the Haleys' interest to the Moncados by contract for deed, and the affidavit/deed by which the Moncados transferred their interest to Veyna were sufficient to constitute a consecutive chain of transfers that meet the requisites to establish color of title under which Veyna took possession of the property.

There is sufficient evidence in the record to support the findings of fact and conclusions of law made by the trial court. Points of error one, two, three, seven, eight, nine, eleven, and twelve are overruled.

In point of error number ten, Oncale asserts that the trial court's ruling that he take nothing by his suit for declaratory judgment is against the great weight and preponderance of the evidence. It has already been determined that the evidence was sufficient to support the trial court's ruling that title vested in Veyna by limitation. Since neither of the Haleys were served with citation, they were not parties to suit and the trial court could not order them to re-tender the balance of the purchase price, which Oncale previously refused to accept. The record supports the trial court's ruling that Oncale take nothing. Point of error number ten is overruled.

By cross-point, Veyna contends that the trial court's conclusion of law was in error in holding that he is not entitled to specific performance of the earnest money contract, because the Haleys were not made parties to the suit. The earnest money contract contains no clause proscribing or limiting assignment. The trial court properly found that the Haleys are entitled to specific performance of the contract, and that Veyna is the assignee of Haleys' rights under the contract. Although Veyna is already vested with title to the prop-

erty by limitation and has no need for specific performance of the earnest money contract, Veyna is entitled to enforce specific performance of the contract regardless of whether either Haley is a party to the suit. Veyna's cross-point is sustained.

The judgment of the trial court is affirmed.