**Pauline WALKER, Appellant,**

v.

**Charles Randall GEER, Sherriane Geer, Leonard W. Pipkin, Prescilla A. Pipkin, Sam J. Burke, and S. Scott Burke, Appellees.**

No. 11-02-00007-CV.

Court of Appeals of Texas, Eastland.

Jan. 16, 2003.

Jerome Neal Stein, Landon & Stein, Dallas, for appellant.

Stephen C. Reid III, Cantey & Hanger, George Wilson III, Randy A. Nelson, Thompson, Coe, Cousins & Irons, Dallas, David W. Knight, Wichita Falls, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

This is an appeal from a summary judgment granted in favor of Charles Randall Geer, Sherriane Geer, Leonard W. Pipkin, Prescilla A. Pipkin, Sam J. Burke, and S. Scott Burke in a suit in which Pauline Walker sought to have a judgment lien declared valid, to foreclose on that judgment lien, and to recover damages for conspiracy and fraudulent conveyance. The trial court also denied a motion for summary judgment filed by appellant, but that ruling has not been appealed. Because we find that summary judgment was proper in all respects, we affirm.

In October 1995, a Smith County trial court entered a judgment in the amount of $296,912.39 in favor of appellant against J. Thomas Foster, among others. On May 24, 1996, appellant requested that the Smith County Clerk issue an abstract of that judgment. On July 8, 1996, the abstract of judgment was filed in Palo Pinto County.

Foster indicated in his financial statement, filed in response to appellant's collection efforts, that he owned property in Palo Pinto County identified as lot 38 in a subdivision on Possum Kingdom Lake (the property). On September 17, 1996, Foster sold the property by warranty deed to Leonard W. Pipkin and Prescilla A. Pipkin.

Appellant learned of the sale of Foster's property on October 26, 1996. The Pipkins then sold the property to Sam J. Burke and S. Scott Burke on May 21, 1998. The Burkes started construction of a house on the property on May 21, 1998. The Burkes conveyed the property to the Geers on June 10, 1999. On May 30, 2000, appellant filed suit to declare that she had a valid, existing judgment lien on the property and sought to foreclose on that lien. Appellant also asserted conspiracy and fraudulent conveyance claims.

Appellees filed a motion for summary judgment claiming that the judgment lien was invalid because the abstract of judgment did not contain information as to the current balance due on the abstract, that the lien was barred by the three-year statute of limitations, and that appellant could not establish her claim of conspiracy and fraudulent conveyance. The trial court granted summary judgment to appellees but did not state the grounds upon which it granted the judgment. Therefore, the summary judgment will be affirmed if any ground preserved is meritorious. *Carr v. Brasher*, 776 S.W.2d 567 (Tex.1989).

Appellant brings five issues on appeal. In her first issue, she addresses the invalidity of the abstract of judgment. In her second issue on appeal, appellant argues that the three-year statute of limitations does not apply to her case. Her third issue on appeal is directed at the type of notice required under the three-year statute of limitations. Appellant's fourth and fifth issues address the claims for civil conspiracy and fraudulent conveyance. We will first discuss appellant's second and third issues.

In reviewing a traditional summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, in order to determine whether the movant proved that there was no genuine issue of material fact. *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985). Summary judgment is proper if the defendant establishes all elements of an affirmative defense to each claim raised. *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997).

In reviewing a no-evidence summary judgment, all evidence offered by the non-movant is taken as true, indulging every reasonable inference and resolving all doubts in favor of the non-movant. *Hight v. Dublin Veterinary Clinic*, 22 S.W.3d 614, 619 (Tex.App.-Eastland 2000, pet'n den'd). A no-evidence summary judgment is proper if there is less than a scintilla of evidence to raise a genuine issue of material fact as to an essential element of appellant's claims. Less than a scintilla of evidence exists when the evidence is " 'so weak as to do no more than create a mere surmise or suspicion' of a fact, so that the legal effect is that there is no evidence." *Hight v. Dublin Veterinary Clinic*, supra at 619.

■ A suit to recover property from any person in peaceable adverse possession under title or color of title shall be instituted within three years of the accrual of the cause of action. TEX. CIV. PRAC. & REM. CODE ANN. § 16.024 (Vernon 2002). A judgment lien will be barred when a purchaser of land from a judgment debtor shows that they have maintained possession under title or color of title for more than three years. *J.M. Radford Grocery Co. v. Shaw*, 9 S.W.2d 419 (Tex. Civ.App.-Eastland 1928), *aff'd by, Shaw v. Ball*, 23 S.W.2d 291 (Tex. Comm'n App. 1930, judgm't adopted). Adverse possession is defined as "an actual and visible appropriation of real property, commenced and continued under a claim of right that

is inconsistent with and is hostile to the claim of another person." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1) (Vernon 2002). Peaceable possession is defined as "possession of real property that is continuous and is not interrupted by an adverse suit to recover the property." TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(3) (Vernon 2002). Adverse possession need not be in the same person. However, the successive owners must be in privity of estate with each other in order for the limitations period to tack. TEX. CIV. PRAC. & REM. CODE ANN. § 16.023 (Vernon 2002). A judgment creditor will be charged with notice and the cause of action will accrue when the judgment creditor knew or, with the exercise of ordinary care, should have known about the sale of the property. See *Lewis v. Hall*, 271 S.W.2d 447 (Tex.Civ.App.-Fort Worth 1954, writ ref'd n.r.e.).

Here, the summary judgment evidence conclusively shows the chain of title to the sovereignty, and color of title is established. The evidence also shows that the Pipkins purchased the property by warranty deed from Foster in September 1996. Appellant had knowledge of this sale in October 1996. The evidence showed that all appellees purchased the property by warranty deed and were in privity of estate. Appellant filed suit to foreclose on May 30, 2000. The appellees' possession of the property was actual and visible and was by virtue of their individual deeds. See *White v. Pingenot*, 49 Tex.Civ. App. 641, 90 S.W. 672 (1905, writ ref'd n.r.e.). The evidence also showed that the appellees' possession was uninterrupted by any adverse suit. Therefore, as a matter of law, appellant's suit was barred by the three-year statute of limitations. Appellant's second and third issues on appeal are overruled. In view of our holding on the second and third issues on appeal, we need not discuss appellant's first issue on appeal.

▮ Next, in the fourth and fifth issues on appeal, appellant attacks the granting of appellees' no-evidence summary judgment for both the civil conspiracy and fraudulent transfer claims. To establish a claim of civil conspiracy, it must be shown that two persons had the specific intent to agree to accomplish an unlawful purpose or a lawful purpose by unlawful means. *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex.1995). A claimant asserting fraudulent conveyance must show that the transfer by a debtor was intended to hinder, delay, or defraud the creditor. TEX. BUS. & COM. CODE ANN. § 24.005(a) (Vernon 2002).

Here, the evidence which appellant offered to support her claim of conspiracy and fraudulent conveyance was: her personal affidavit; a fax from Elliott & Waldron Abstract Company of Palo Pinto, Inc. to Old Republic National Title Insurance Company; a letter from the Pipkins to Elliott & Waldron Abstract Company; and a letter from Elliott & Waldron Abstract Company to Old Republic National Title Insurance Company.

None of the evidence submitted by appellant rises to the level necessary to overcome appellant's no-evidence motion. This evidence merely establishes that Elliott & Waldron Abstract Company and the Pipkins knew about appellant's lien. There is no evidence that appellees did anything to prohibit appellant from filing suit. There is no evidence that appellees intended to hinder, delay, or defraud appellant. There is no evidence of any agreement between the appellees to prohibit appellant from collecting her judgment lien. There is no evidence that anyone had the specific intent to accomplish an unlawful purpose or a lawful purpose by unlawful means. *Triplex Communications, Inc. v. Riley*, supra.

Appellant's fourth and fifth issues on appeal are overruled.

We affirm the trial court's judgment.