Affirmed and Memorandum Opinion filed May 10, 2005









Affirmed and Memorandum Opinion filed May 10, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00430-CV

____________

 

CLEVELAND NORMAN,
SHARON KAY NORMAN, AND SHAMYIA J. LEE, Appellants

 

V.

 

DOYLE R. MURPHREE, Appellee

 



 

On Appeal from the 122nd
District Court

Galveston County, Texas

Trial Court Cause No. 99-CV-0895

 



 

M E M O R A N D U M   O P I N I O N

Appellants, Cleveland Norman, Sharon Kay
Norman, and Shamyia J. Lee, appeal from a judgment entered against them in the
amount of $20,000 in a trespass to try title action that included a civil
assault claim.  We affirm.  

 

 








Background

The two (seemingly mismatched) causes of
action in this case arise out of a dispute over a piece of land.  In 1958, Bertha Mayberry sold two parcels of
land in Dickinson, Texas to J. Sigmund Forman. 
Both parcels were part of “Lot 19 of the Thompson, Hord and Sevey
Subdivision.”  In March of 1983, the
Hitchcock Independent School District foreclosed on “part of” Lot 19 for the
owner’s failure to pay property taxes. 
It is unclear from the record on which part of the property the school
district foreclosed.  Appellee Doyle R.
Murphree bought the property at the subsequent sheriff’s sale on May 2,
1983.  On July 14, 1985, J. Sigmund
Forman and his wife, Patricia, sold the “west 200” and the “north 500” feet of
Lot 19 by general warranty deed to Willie C. Lee.  Murphree and Willie C. Lee also owned separate
tracts of land of Lot 19 which are not part of this suit.

In 1991, Willie C. Lee conveyed his
portions of the Lot 19 property to appellants Sharon Kay Norman and Shamyia J.
Lee.  Shamyia J. Lee is the daughter of
Willie Lee and Sharon Kay Norman.  Sharon
Norman, who lives in the Dallas area, entrusted her father, appellant Cleveland
Norman, with the maintenance and upkeep of the property in her absence.  Title was never registered in his name. 

Murphree testified that he checked the
site every four to six weeks and had had the land surveyed by professional
surveyors.  In 1999, he noticed that a
fence had been erected on his part of the property.  He tore the fence down and erected another on
the property line; that fence had been removed by the time Murphree returned to
the property the following morning. 
After being told by Cleveland Norman (hereinafter, Norman) that Norman
would “whip him” if he went on the property, Murphree filed a complaint with
the police department.  Each man asserted
ownership of the property. 








In July of 1999, Murphree was overseeing
work on a separate piece of property he owned, not far from the disputed
parcel.  While Murphree talked to one of
the workers, Norman approached Murphree from behind and hit him on the head
with a claw hammer.  Norman later
testified that he hit Murphree to stop him from going onto the disputed
property.  Murphree required several
stitches to the right side of his head and suffered ongoing headaches, slurred
speech, and an aggravation of his chronic diabetes.  

Murphree filed a trespass-to-try-title and
civil assault action in1999.  The court
issued an agreed temporary injunction in May of 2000, ordering the parties to
remain 1000 feet from each other and to refrain from taking action to adversely
possess or disturb the property. 
Appellants cross-claimed against Murphree, claiming that they had
adversely possessed the property. 
Appellants also filed suit against the title company that had issued the
title to Willie Lee in 1986.  The court
granted summary judgment in favor of the title company in 2002.  After a three-day trial on the remaining
causes of action, the jury found that Murphree had title to the property by a
duly registered and valid sheriff’s deed; that Sharon Norman’s and Shamyia
Lee’s five- and ten-year adverse possession claims failed; and that Cleveland
Norman committed assault against Murphree. 
The jury also awarded Murphree $20,000 for past and future pain and
suffering.

In six issues, appellants argue that the
evidence was insufficient to find that the sheriff’s deed to Murphree was
valid; that appellants had color of title for adverse possession purposes; that
the trial court erred in not including Cleveland Norman on the jury charge
regarding appellants’ adverse possession claims; that the trial court erred in
submitting the special issue regarding the validity of the sheriff’s deed to
the jury; that the charge incorrectly placed the burden of proving superior
title on appellants; and that the court erred in submitting an allegedly
broad-form liability question to the jury. 
We affirm.

Sufficiency of the Evidence








In their first issue, appellants argue
that Murphree’s claim to the property fails as a result of a faulty notice in
the original foreclosure and tax sale. 
As Murphree correctly points out, this is basically an attack on the
sufficiency of the evidence to support the jury’s finding that Murphree’s deed
was valid.  We utilize the normal
standards of review when considering a no-evidence challenge.  See Minyard Food Stores, Inc. v. Goodman,
80 S.W.3d 573, 577 (Tex. 2002).  A
no-evidence point will be sustained when: there is a complete absence of
evidence of a vital fact; the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact; the
evidence offered to prove a vital fact is no more than a mere scintilla; or the
evidence conclusively establishes the opposite of the vital fact.  Volkswagen of Am., Inc. v. Ramierz,
—S.W.3d—, — , 2004 WL 3019227, *3 (Tex. 2004). 


Here, appellants claim that the
foreclosure action improperly listed Bertha Mayberry rather than J. Sigmund
Foreman as the owner of the property in arrears, and, as a result, Foreman lacked
sufficient notice to deprive him of his ownership interest.  Because Foreman lacked sufficient notice,
appellants argue, the sheriff’s deed is void and Murphree has no claim to the
land.  We disagree.  

Applicable portions of section 33.54 of
the Property Tax Code read as follows:

(a) Except as provided by
Subsection (b), an action relating to the title to property may not be
maintained against the purchaser of the property at a tax sale unless the
action is commenced:

(1) before the first anniversary of
the date that the deed executed to the purchaser at the tax sale is filed of
record . . . .

(b) If a person other than the
purchaser at the tax sale or the person’s successor in interest pays taxes on
the property during the applicable limitations period and until the
commencement of an action challenging the validity of the tax sale and that
person was not served citation in the suit to foreclose the tax lien, that
limitations period does not apply to that person.

(c) When actions are barred by this section, the purchaser
at the tax sale or the purchaser’s successor in interest has full title to the
property, precluding all other claims.  








Tex. Tax Code Ann. § 33.54 (Vernon
2003).  Although appellants’ argument (in
effect) is that the evidence conclusively proves the opposite of the vital fact
that Murphree’s deed was valid, the foregoing section of the Tax Code prevents
appellants from successfully asserting this claim.   Id. 
The sheriff’s deed to Murphree was executed on June 21, 1983; appellants
or their predecessor in interest did not acquire the property until 1986, a
time outside the limitations period mandated by section 33.54.  Thus, since they neither instituted suit as
required by section (a)(1) nor paid taxes on the property as required by
section (b) within one year of the execution of the sheriff’s deed to Murphree,
they lack standing to challenge the validity of Murphree’s deed.  Id.; see also Allen v. Linam,
551 S.W.2d 448, 451 (Tex. Civ. App.—Texarkana 1977, writ ref’d n.r.e.).  Furthermore, since it is unclear from the
record exactly upon which part of Bertha Mayberry’s property the court
foreclosed, we cannot say with certainty that the notice given in 1983 was
insufficient.  We therefore find that the
evidence was sufficient to support the jury’s finding that Murphree’s deed was
valid.  Appellants’ first issue is
overruled.

Color of Title

In their second issue, appellants allege
that they “definitely had ‘title or color of title’ as set out in case law.”  Section 16.024 of the Civil Practice and
Remedies Code reads as follows:

§ 16.024.  Adverse Possession: Three-Year Limitations
Period

A person must bring suit to recover real property held by
another in peaceable and adverse possession under title or color of title not
later than three years after the day the cause of action accrues.








Tex. Civ. Prac. & Rem.
Code Ann. § 16.024 (Vernon 2003). 
Although appellants cite to the record and to several cases in making
their argument, neither the record citations nor the case law assist us in
discerning exactly of what error they are complaining.  Cases cited by appellants define ‘title and
color of title,’ but do very little to support their position.  See Oncale v. Veyna, 798 S.W.2d 802,
804 (Tex. App.—Houston [14th Dist.] 1990, no writ); Foster v. Roberts,
No. 06‑02‑00064‑CV, 2002 WL 31426432 (Tex. App.—Texarkana
Oct. 31, 2002, pet. ref’d) (mem. op.). 
In both cases, appellants against whom property had been adversely possessed
appealed findings of adverse possession, challenging whether Murphrees had
‘color of title’ at all.  Oncale,
798 S.W.2d at 804; Foster, 2002 WL 31426432 at *2.  Here, appellants claimed to have adversely
possessed the property in question, their interest in the land stemming from
the 1986 deed from the Formans to Willie C. Lee.  While this meets the title requirement
of the adverse possession statutes, the jury clearly found that the appellants
did not meet the other requirements of the statutes.  See Tex.
Civ. Prac & Rem. Code Ann. §§ 16.024 (three-year limitations
period); 16.025 (five-year limitations period); 16.026 (ten-year limitations
period) (Vernon 2003).  Furthermore,
after the trial judge granted Murphree’s motion for directed verdict on appellants’
three-year adverse possession cause of action, the jury received questions
regarding only the five- and ten-year adverse possession requirements, which do
not mention “color of title.”  See id.  Thus, whether appellants had title or color
of title as defined in Texas law has no bearing on the ultimate outcome in
the case.  Appellants’ second issue is
moot, and, as a result, is overruled.[1]

Privity of Estate

In their third issue, appellants claim
that Norman was in privity of estate with Willie C. Lee, Sharon Norman, and
Shamyia Lee, “such that his periods of occupation should be included and tacked
on in satisfaction” of the five- and ten-year adverse possession statutes.  We discern this to be an allegation that the
court committed error by excluding Norman from special issues two and three of
the jury charge, which dealt with five‑ and ten‑year adverse
possession claims, respectively.  








The trial court did not err in omitting
Norman’s name from the five-year adverse possession special issue.  Under the five-year adverse possession
statute, an adverse possession claimant must show that he claims the property
under a duly registered deed.  Tex. Civ. Prac. & Rem. Code Ann. §
16.025(a)(3) (Vernon 2003).  To show
‘privity of estate’ with a previous possessor, a potential adverse possessor
must show a transfer and delivery of possession from one possessor to the
next.  Trevino v. Trevino, 64
S.W.3d 166, 172, (Tex. App.—San Antonio 2001, no pet.); see also McAnally v.
Texas Co., 76 S.W.2d 997, 1001 (Tex. 1934) ( “The fact of privity is not
established where it simply appears that the land was occupied by different
persons successively, there being nothing to show that the claim of the earlier
was transferred to the later occupant by contract or otherwise.”).  For Cleveland Norman to tack his alleged
interest to that of his daughter and granddaughter, he would have to be able to
meet the requirements of section 16.025 as well.  Tex.
Civ. Prac. & Rem. Code Ann. §§ 16.023, 16.025 (Vernon 2003); see
also Walker v. Greer, 99 S.W.3d 244, 246 (Tex. App.—Eastland 2003, no pet.)
(“the successive owners must be in privity of estate with each other in order
for the limitations period to tack”). 
The evidence shows that Cleveland Norman’s role was primarily as caretaker
of the land; at no time could he ever have been considered a successor in
interest to Sharon Norman or Shamyia Lee. 
Furthermore, because Cleveland Norman’s name does not appear on any deed
entered into evidence, we conclude that the trial court did not err in omitting
Norman’s name from the five-year adverse possession special issue.

With regard to the ten‑year adverse
possession special issue, appellants do not cite to and we cannot find any
place in the record in which they properly objected to the issue’s
submission.  We therefore find that
appellants waived their right to complain of error on appeal.  See Tex.
R. Civ. P. 274;Tex. R. App. P. 33.1;
M.N. Dannenbaum, 840 S.W.2d 624, 631 (Tex. App.—Houston [14th Dist.]
1992, writ denied) (“To preserve such complaints, Rule 274 requires only that
the objecting party point out distinctly the objectionable matter and the
grounds of the objection.”).

Appellants’ third issue is overruled.

Validity of Sheriff’s Deed








In their fourth issue, appellants argue
that the trial court erred in submitting the first special issue to the jury
regarding the validity of the sheriff’s deed, alleging that the issue was a
matter of law to be decided by the court. 
The cases cited by appellants in support of their claim, United
States v. Hausmann, 711 F.2d 615 (5th Cir. 1983) and United States v.
Watson, 623 F.2d 1198 (7th Cir. 1980), deal with the issue of
materiality in federal criminal law and do little, if anything, to support
appellants’ issue on appeal. 
Furthermore, during the charge conference, appellants made no objection
to the submission of special issue number one to the jury, which read as
follows: “Do you find that [Murphree] possessed title to the property involved
in this suit by a duly registered, valid sheriff’s deed?”  The jury answered in the affirmative.  As a result of appellants’ failure to object
to this special issue as submitted, they have waived their right to complain
about its submission on appeal.  See
Tex. R. Civ. P. 274; Tex. R. App. P. 33.1; M.N.
Dannenbaum, 840 S.W.2d at 631. 
Appellants’ fourth issue is overruled.

Burden of Proof

In their fifth issue, appellants claim
that the jury charge “incorrectly placed the burden of proof on the
[appellants] to prove superior title in the manner specified by statute.”  Appellants’ argument fails for two
reasons.  First, appellants failed to
preserve this issue for appeal for failure to object to the submission of the
‘trespass to try title’ definition, which read as follows:

The plaintiff may
recover [in a trespass to try title action] (1) by providing a regular chain of
conveyances from the sovereign, (2) by providing a superior title out of a
common source, (3) by proving title by limitations, or (4) by proving prior
possession, and that the possession has not been abandoned. 

See Tex. R. Civ. P. 274; Tex. R. App. P. 33.1; M.N.
Dannenbaum, 840 S.W.2d at 631. 
Second, we fail to see how the definition as given in the charge
incorrectly placed the burden on appellants, since Murphree was the plaintiff
in the original suit.  Appellants’ fifth
issue is overruled.

 

 








Broad-form Liability Question

In their sixth and final issue, appellants
allege that the court erred in submitting an allegedly improper broad-form
liability question to the jury.  Question
number five asked the jury, “[w]hat sum of money, if paid now in cash, would fairly
and reasonably compensate” Murphree for his injuries sustained as a result of
Norman’s assault with the claw hammer. 
This question was predicated on an affirmative answer to question four,
which asked whether Norman committed an assault against Murphree.  The jury awarded $10,000 to Murphree for past
injuries sustained and $10,000 for injuries that, with reasonable probability,
would be sustained in the future. 
Appellants do not cite to and this court cannot find any place in the
record in which appellants objected to special issue number five.  See Tex.
R. Civ. P. 274; Tex. R. App. P. 33.1;
M.N. Dannenbaum, 840 S.W.2d at 631. 
They have therefore waived their right to complain of error; their final
issue is overruled.

We affirm the judgment of the trial court.

 

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed May 10, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.











[1]  If appellants
are challenging the sufficiency of the evidence in support of the jury’s
findings regarding adverse possession, we find that their argument lacks the
specificity and citations required by Texas Rule of Appellate Procedure
38.1(h).